## In re Paul Whitman MONTEITH, Debtor.

### Bankruptcy No. 582–511.

United States Bankruptcy Court, N. D. Ohio.

Sept. 30, 1982.

Thomas E. Lammert, Akron, Ohio, for debtor.

Terri E. Schapiro, Trial Atty., Glenn L. Archer, Jr., Asst. Atty. Gen., Tax Div., D. Patrick Mullarkey, Chief, Civil Trial Section, Northern Region, Dept. of Justice, Washington, D. C., J. William Petro, U. S. Atty., Richard French, Asst. U. S. Atty., Cleveland, Ohio, for I.R.S.

Kathryn Belfance, Akron, Ohio, Trustee.

## FINDING AND ORDER

H. F. WHITE, Bankruptcy Judge.

Debtor, Paul Whitman Monteith, (hereinafter referred to as "debtor"), has moved this Court for an order avoiding a set-off made by the Internal Revenue Service. A hearing was had on the motion on May 18, 1982. Both parties having filed briefs in support of their respective positions, the matter is now ready for decision.

## FACTS

The facts pertinent to this motion, as set forth by debtor, and as agreed to by the Internal Revenue Service for the purposes of this motion, are as follows:

1) On March 18, 1982, the debtor filed his petition in bankruptcy under Chapter 7 of the Bankruptcy Code.

2) Debtor listed in his schedules an unsecured claim to the Internal Revenue Service (hereinafter referred to as "IRS") for Three Hundred Twenty Nine Dollars and Fifty Two Cents ($329.52).

3) Such debt was for the tax year ended December 31, 1977 and debtor filed his return before April 15, 1978.

4) On or about March 11, 1982, the IRS notified debtor of an assessment for such tax which, with penalties and interest, amounted to Three Hundred Ninety Four Dollars and Fifteen Cents ($394.15) as of March, 1982.

5) Debtor filed a tax return for calendar year 1981 which claimed a tax refund of Four Hundred Eleven Dollars ($411.00).

6) Debtor claimed the tax refund as exempt pursuant to Ohio Revised Code Section 2329.66.

7) On or about March 29, 1982, the IRS set-off Debtor's exempt tax-refund property against the tax assessment for the period ending December 31, 1977.

8) Neither the trustee, nor any other party in interest, has objected to the debtor's claimed exemptions.

### ISSUE

The issue presented this Court is whether the tax refund set-off against taxes due the Internal Revenue Service by debtor may be avoided.

### LAW

Following the filing of a petition in bankruptcy by debtor, the IRS set-off a tax refund due debtor for the year 1981 against taxes owed by debtor for the year 1977.[1] Debtor had claimed this tax refund as exempt pursuant to Ohio Revised Code Section 2329.66 on Schedule B–4 of his schedules. Relying on this claimed exemption, debtor moves this Court to avoid the set-off of the tax refund.

11 U.S.C. Section 522 deals with exemptions under the Bankruptcy Code. In addition to setting forth the federal exemptions applicable in a bankruptcy case, the section also provides that a debtor has the option to claim exemptions under any applicable State or local laws. In the instant case, debtor has claimed his exemptions under the Ohio Revised Code.[2] One of the exemptions claimed by debtor was the monies owed him by the United States of America, Internal Revenue Service, for a tax refund for the year 1981. This exemption is allowable pursuant to Ohio Revised Code Section 2329.66(A)(4)(a).[3]

■ Where no objection is made to a claimed exemption, the property claimed as exempt is exempt. 11 U.S.C. Section 522(*l*). As no objections were made to the exemption claimed by debtor in the tax refund, the tax refund became exempt under 522(*l*). As a result, 522(c) came into play. That subsection provides that:

(c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, except—

1) a debt of a kind specified in section 523(a)(1) or section 523(a)(5) of this title; or

2) a lien...

Under this subsection, the tax refund in question could not be set-off against the tax debt owed the IRS unless the debt owed is "a debt of a kind specified in section

---

1. In accordance with Revised General Order No. 2 of the United States Bankruptcy Court, Northern District of Ohio, dated January 27, 1981, this set-off was allowed without the Internal Revenue Service obtaining relief from the automatic stay. Said order, among other things, modified the automatic stay set forth in 11 U.S.C. § 362 so as to allow the Internal Revenue Service "to offset against any refund due a debtor any taxes due the United States Government" without obtaining prior court approval.

2. 11 U.S.C. § 522 provides that a debtor may be required by State law to claim only those exemptions allowed by state law. Ohio is one of the several states which has chosen to "opt-out" by the Federal exemption scheme. Ohio Revised Code Section 2329.662.

3. That section provides, in part, that:
   A) Every person who is domiciled in this State may hold property exempt ..., as follows:
   (4)(a) The person's interest, not to exceed four hundred dollars in ... tax refunds ...

523(a)(1) or section 523(a)(5) of this title". Otherwise, the set-off will have resulted in exempt property being held liable for a pre-petition debt in violation of 11 U.S.C. Section 522(c). No argument has been made by the IRS that its debt is secured by a lien and thus that sub-category of 522(c) is not in question.

■ 11 U.S.C. Section 523 deals with non-dischargeable debts. The fifth exception to discharge (11 U.S.C. Section 523(a)(5)) deals with alimony and child support and is clearly not pertinent herein. The first exception covers non-dischargeable taxes. Taxes which are non-dischargeable in bankruptcy are limited, however. As a tax return was filed by debtor with regard to his 1977 taxes, the taxes are dischargeable. Where a tax return is filed, this section provides that only those unpaid taxes, for which a tax return was filed "after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition" are non-dischargeable in bankruptcy. 11 U.S.C. Section 523(a)(1)(B). Debtor filed his tax return for the year 1977 in a timely fashion and did not file it "after two years before the date of the filing of the petition". The tax debt is, therefore, dischargeable and sub-category (1) to 11 U.S.C. Section 522(c) does not apply in this case.

As the exceptions to 11 U.S.C. Section 522(c) are not relevant herein, it is clear from a reading of this section, that the tax refund in question could not be used to satisfy a pre-petition debt such as that of the IRS. The IRS, however, argues that the set-off provisions of 11 U.S.C. Section 553 supersede 11 U.S.C. Section 522(c). This argument is based on the language of the set-off section. 11 U.S.C. Section 553 states, in part, that:

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case... (Emphasis added).

The IRS argues that, as this case does not fall within the above-underlined proviso, 11 U.S.C. Section 522 does not affect the IRS' ability to exercise its right of set-off.

In the case at bar, such an argument has the effect of nullifying 11 U.S.C. Section 522(c). Despite the fact that, by virtue of the clear and specific language contained in 522(c) the set-off exercised herein was not permissible, IRS would nonetheless have this Court hold that the set-off was proper. This Court finds that the property exempted by debtor was not liable to be set-off against the tax debt owed by debtor to IRS. This Court so holds for several reasons.

■ Initially, it is generally held that statutes are to be interpreted in such a fashion as to give effect to the whole. That is, where one construction of a statute will nullify a portion thereof, while another will give effect to the statute, the latter construction is preferred. See generally, 73 Am.Jur.2d, *Statutes,* section 249 (1974).

In the instant case, to accept the IRS' argument would be to nullify 11 U.S.C. Section 522(c). However, to hold that a set-off may not be had to the extent that a debtor has exempted property of the estate, without objection, will allow both the set-off section and 11 U.S.C. Section 522(c) to be effective. To the extent that the property in question is non-exemptable, a creditor's right to set-off will remain available.

Moreover, one of the versions of the Bankruptcy Reform Act, considered and approved by the Senate, contained within it a section which would have allowed the IRS to validly perform the set-off in question. 11 U.S.C. Section 522(c), as set forth in Senate Bill 2266, contained an additional class of debts to which exempted property remained liable. That class of debts was described as "a debt for taxes owing to a governmental unit."

The Legislative History for Senate Bill 2266 discusses this subsection as follows:

Subsection (c)(3) permits the collection of dischargeable taxes from exempt assets. Only assets exempted from levy under Section 6334 of the Internal Revenue Code or under applicable state or local tax law cannot be applied to satisfy these tax claims. This rule applies to prepetition tax claims against the debtor *regardless of whether the claims do or do not receive priority and whether they are dischargeable or nondischargeable.* Thus, even if a tax is dischargeable vis-a-vis the debtor's after-acquired assets, it may nevertheless be collectible from exempt property held by the estate. (Emphasis added). S.R. No. 95–989, 95th Cong. 2nd Sess. 76 (1978), U.S.Code Cong. & Admin. News 1978, pp. 5787, 5862.

Under this section, the tax refund would have been liable to the payment of the unpaid 1977 taxes, notwithstanding the fact that the tax debt was dischargeable. However, this section was never enacted into law. Congress's failure to exact this section into law is an indication that Congress did not intend that exempt property be liable to the payment of dischargeable tax debts, whether by set-off or otherwise. In this regard, statements made in debates in the House of Representatives and Senate are highly pertinent. The statements were made with reference to the amendment of Section 522 which was eventually enacted into law. It is therein stated that "Section 522(c)(1) tracks the House bill and provides that dischargeable tax claims may not be collected out of exempt property." 124 Cong. Rec. H 11095 (daily ed. Sept. 28, 1978); 124 Cong. Rec. S 17412 (daily ed. Oct. 6, 1978).

In *In Re Terry,* 7 Bkrtcy. 880 (Bkrtcy.E. D.Va.1980), the Bankruptcy Court in that case had before it a case involving a set-off by an employer for purchases made by the employee-debtor at the employer's jewelry store. The primary issue before the Court involved the automatic stay and the right to exercise a set-off. The Court therein allowed the set-off despite the violation of the automatic stay. The set-off was limited, however, to that amount over and above the exemption which had been claimed by the debtor in the property—in *Terry,* wages—in question. To the extent that the set-off was of property claimed as exempt, that property was ordered to be returned to the debtor.

This Court finds that debtor has validly claimed an exemption in the tax refund, allowable pursuant to 11 U.S.S. Section 522 and Ohio Revised Code Section 2329.-66(A)(4)(a). Under Section 522(c), the tax refund was not liable to the claim of a creditor which arose prior to bankruptcy. Accordingly, to the extent of the exemption, IRS could not set off the tax refund against the 1977 tax debt.

The set-off made by the IRS was in the amount of Four Hundred Eleven Dollars ($411.00). Debtor's exemption under Ohio Revised Code Section 2329.66(A)(4)(a) is limited to the sum of Four Hundred Dollars ($400.00). The Court finds that, to the extent of the exemption, the set-off should be avoided insofar as it was was made to satisfy the dischargeable debt owed for 1977 taxes. It appears that, in addition to the taxes owed for the year 1977, debtor may also owe taxes for the year 1980. Debtor's motion requests that the monies set-off should be applied to his tax debt for that year with any remaining monies to be paid over to debtor. The Court finds that said request should be granted.

Therefore, it is the conclusion of this Court that the set-off made by IRS against taxes due for the year 1977 should be avoided in the amount of Four Hundred Dollars ($400.00). Any monies set-off by the IRS over and above the sum of Four Hundred Dollars ($400.00) shall be retained by the IRS.

It is the further conclusion of this Court that to the extent debtor owes monies to the IRS for taxes for the year 1980, that the monies resulting from the avoided set-off shall be applied against the 1980 tax debt in satisfaction of that debt. Any monies remaining from the avoided set-off after satisfaction of the 1980 tax debt, shall be paid over to debtor.