**In re SELMA APPAREL CORPORATION, Debtor.**

**Joseph J. BURTON, Jr., Trustee for the Estate of Selma Apparel Corporation, and The Peoples Bank and Trust Company of Selma, Alabama, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 87–0929. Adv. P. No. 88–0182.**

United States Bankruptcy Court, S.D. Alabama.

Dec. 31, 1992.

Travis M. Bedsole, Jr., Bankruptcy Administrator.

Joseph J. Burton, Jr., Trustee, for Selma Apparel Corp.

James W. Dilz, Atlanta, GA, for the Trustee.

### MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the motion of the United States of America to allow setoff. Appearing before the Court were Eugene A. Seidel, Assistant U.S. Attorney, and Stephen J. Segreto, Trial Attorney for the United States Department of Justice; Travis M. Bedsole, Jr., Bankruptcy Administrator; Joseph J. Burton, Jr., Trustee for Selma Apparel Corporation, and James W. Dilz, attorney for the Trustee. After hearing arguments of counsel, the Court makes the following findings of fact and conclusions of law based upon the stipulation of facts by the parties filed with the Court on August 26, 1992.

### FINDINGS OF FACT

On June 16, 1987, an involuntary chapter 7 bankruptcy petition was filed against the debtor, Selma Apparel Corporation ("Selma Apparel"). On July 22, 1987, Selma Apparel converted the case to a voluntary proceeding under chapter 11 of title 11, United States Code ("the Bankruptcy Code"). Joseph J. Burton, Jr. was appointed trustee.

Selma Apparel was formerly engaged in the manufacture and sale of clothing and textile items. Selma Apparel frequently made and sold its goods to the Defense Personnel Support Center ("DPSC"). The DPSC is affiliated with the United States Department of Defense. In November 1988, the trustee filed a complaint based on various prepetition contracts between the DPSC and Selma Apparel. After the trustee's complaint was amended, the Court severed several counts of the complaint.[1]

Eugene A. Seidel, Asst. U.S. Atty., Mobile, AL, and Stephen J. Segreto, Trial Atty., Washington, DC, for the U.S. Dept. of Justice.

---

1. This proceeding concerns counts for damages in connection with the prepetition contracts between Selma Apparel and the DPSC. The counts include damages for delay for defective

On November 8, 1991, the United States of America ("United States") filed an amended informal proof of claim. The claim alleged Selma Apparel's indebtedness to the United States was at least $4,004,-286.28. The United States' claim is based on the prepetition contracts between the DPSC and Selma Apparel. The claim also includes amounts for prepetition fines and payroll taxes. On December 10, 1991, the United States filed a motion for relief from the automatic stay imposed by 11 U.S.C. § 362(a), to assert its right to setoff amounts allegedly due the United States against amounts claimed by the trustee. On January 8, 1992, the Court granted the motion for relief from the automatic stay.

On April 7, 1992 the Court entered an order allowing the United States to file an amended informal proof of claim; however, the Court preserved the trustee's right to object to the claim. Although the trustee objected to the filing of the amended informal proof of claim, the schedules accompanying Selma Apparel's bankruptcy petition acknowledge indebtedness to the United States for delinquent taxes and unliquidated progress payments on the prepetition contracts between Selma Apparel and the DPSC.

The parties stipulated to the amounts of their respective claims. The United States agreed that the amount of the trustee's claim against the United States is $872,-500.000, plus interest as allowed by law. The trustee stipulated that the claims of the United States against Selma Apparel total $4,004,286.28, plus interest as allowed by law.

The indebtedness owing between Selma Apparel and the United States arose prepetition, are mutual obligations and are held in the same capacity.

### CONCLUSIONS OF LAW

■ The Bankruptcy Code does not create a right of setoff. The right of setoff must be established either by state or federal nonbankruptcy law. Once the right is established, 11 U.S.C. § 553 governs questions of setoff. *In re Dillard Ford,*

*Inc.,* 940 F.2d 1507, 1512 (11th Cir.1991). In pertinent part, 11 U.S.C. § 553(a) provides:

Except as otherwise provided in this section and sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case except to the extent that—

(1) the claim of such creditor against the debtor is disallowed other than under section 502(b)(3) of this title; ...

11 U.S.C. § 553(a)(1) (emphasis added). To setoff obligations, a creditor must establish that its debt to the debtor and the debtor's indebtedness to the creditor arose prior to bankruptcy, the debts are mutual and that no exception applies. *In re Dillard Ford, Inc.,* 940 F.2d at 1512.

■ The Bankruptcy Code does not define the term "mutual." However, mutuality has been found where both obligations are held by the same parties, in the same capacity. *In re Patterson,* 125 B.R. 40, 47–48 (Bankr.N.D.Ala.1990); *Matter of Frederick* 58 B.R. 56, 57 (Bankr.N.D.Ala. 1986); *King v. Porter,* 230 Ala. 112, 160 So. 101, 104 (1935); *First National Bank of Abbeville v. Capps,* 208 Ala. 207, 94 So. 109 (1922). Debts need not arise from the same transaction to be mutual. *Braniff Airways v. Exxon Co., U.S.A.,* 814 F.2d 1030, 1035 (5th Cir.1987).

The debts between Selma Apparel and the United States are both prepetition debts. Selma Apparel's claim stems from actions based on the contracts between Selma Apparel and the DPSC that occurred before Selma Apparel entered bankruptcy. The United States' claim is also based on the contracts between Selma Apparel and the DPSC and delinquent payroll taxes due prior to the filing of Selma Apparel's bankruptcy petition. The debts between Selma Apparel and the United States are mutual: Selma Apparel is a creditor of the United

government merchandise, acceleration of con-

tract and overruns on contracts.

**244**

States and the United States is a creditor of Selma Apparel.

■ Setoff is a favored remedy. *In re Blanton*, 105 B.R. 321, 337 (Bankr.E.D.Va. 1989). Section 553 clearly provides "[e]xcept as provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case ..." As the court in *In re Dillard Ford*, 940 F.2d 1507, 1512 (11th Cir.1991) observed, the creditor must establish its right to setoff exists under 11 U.S.C. § 553(a) and the applicable state law. The filing of a proof of claim is not a prerequisite to setoff. *In re Davidovich*, 901 F.2d 1533, 1539 (10th Cir.1990); *In re G.S. Omni*, 835 F.2d 1317 (10th Cir.1987).

■ Where, as here, the mutual debts existed prior to the intervention of the debtor's bankruptcy and no applicable exception applies, the bankruptcy does not affect the creditor's ability to setoff the debts. Notwithstanding 11 U.S.C. § 362(a)(7), Congress intended that the right to setoff, provided it existed prior to the debtor's bankruptcy, would remain inviolate despite the filing of a bankruptcy petition.[2] Section 362(a)(7) precludes a creditor from self-help and requires the Court to make a simple determination into the enforceability of the corresponding obligations. This determination protects the interests of the debtor, the estates' creditors and the creditor seeking to setoff. Given the Congressional preference of permitting setoff, the Court will adhere to this long-recognized favored practice.[3]

■ The trustee suggests that because setoff is equitable in nature,[4] the Court should exercise its discretion to deny the motion to setoff because the equities of the case favor the trustee. Selma Apparel's bankruptcy petition listed the United States as a creditor on the Schedule of All Liabilities, and listed the indebtedness to which the trustee has stipulated is due the United States. After acknowledging the indebtedness from the commencement of the case, the trustee now argues that equity compels that setoff be denied because the United States' claim was unseasonably filed.

The Court respectfully disagrees. Unless inconsistent with the bankruptcy laws as a whole, setoff should be permitted. Permitting the United States to setoff its claim against Selma Apparel with Selma Apparel's claim against the United States is consistent with the underlying purpose of the Bankruptcy Code. Accordingly, the United States motion to setoff is due to be granted.

---

**2.** In *Cumberland Glass Manufacturing Co. v. De Witt*, 237 U.S. 447, 35 S.Ct. 636, 59 L.Ed. 1042 (1915) the Supreme Court discussed the role of § 68 of the Bankruptcy Act of 1898, ch. 541, § 68, 30 Stat. 544, (1898). The Court observed: 'This section was not intended to enlarge the doctrine of set-off or to enable a party to make a set-off in cases where the principles of legal or equitable set-off did not previously authorize it.' (quoting *Sawyer v. Hoag*, 84 U.S. (17 Wall.) 610, 21 L.Ed. 731 (1873) (construing predecessor to § 68)). While the operation of this privilege of set-off has the effect to pay one creditor more than another, it is a provision based upon the generally recognized right of mutual debtors, which has been enacted as a part of the bankruptcy act, and when relied upon should be enforced by the court. (citation omitted).
*Cumberland Glass Manufacturing*, 237 U.S. 447, 455, 35 S.Ct. 636, 639, 59 L.Ed. 1042. In enacting 11 U.S.C. § 553, Congress incorporated § 68

of the Bankruptcy Act of 1898 and the equitable principles embodied therein. See H.R.Rep. No. 95–595, 95th Cong. 1st.Sess. 377, reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 5963, 6333.

**3.** See *In re Applied Logic*, 576 F.2d 952, 957 (2nd Cir.1978) ("The rule allowing setoff, both before and after bankruptcy, is not one that courts are free to ignore when they think application would be 'unjust.' It is a rule that has been embodied in every bankruptcy act the nation has had ...") (footnote omitted).

**4.** See, e.g., *Matter of Bevill, Bressler & Schulman Asset Management*, 896 F.2d 54, 57 (3rd Cir. 1990) ("[Section 553] is permissive rather than mandatory, and cannot be invoked in a case where the general principles of setoff would not justify it."); *In re Southern Industrial Banking Corp.*, 809 F.2d 329, 332 (6th Cir.1987).