In re George Douglas BOWDEN, Debtor.

Gregory K. CREWS, Trustee, Plaintiff,

v.

Ronald Ira COLE, Defendant.

Bankruptcy No. 93–5644–3P7.
Adv. No. 95–0004.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

July 25, 1995.

Gregory K. Crews, Trustee, Jacksonville, FL, pro se.

Ronald Ira Cole, Ocala, FL, pro se.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding came before the Court upon a Complaint to Recover Monies Owed Estate. The plaintiff suggests the estate is owed rent by the defendant pursuant to a verbal lease agreement between the debtor and the defendant. Upon the evidence presented at trial on April 18, 1995, the Court enters the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. In 1993, defendant provided legal representation for the debtor in a state court action in Marion County, Florida. The defendant subsequently represented the debtor in two other state court proceedings.

2. Debtor verbally agreed to compensate defendant by allowing defendant to occupy non-homestead residential real property owned by the debtor located at 1514 Southeast 11th Avenue, Ocala, Florida (the property).

3. Defendant occupied the property from August 1993, through July 1994.

4. Debtor filed for relief under Chapter 7 of the Bankruptcy Code on December 20, 1993, and plaintiff was appointed as trustee.

5. By letters dated February 28, 1994, April 6, 1994, and June 13, 1994, plaintiff informed the defendant that any rent due should be paid to the plaintiff and requested that defendant provide information regarding the amount of rent paid and any remaining balance.

6. On January 5, 1995, plaintiff filed this adversary proceeding pursuant to 11 U.S.C. § 541 to collect rent owed to the estate by defendant. The complaint alleges that the fair monthly rental value of the property is $500 and that defendant owes the estate $3,000 for the six-month duration of his tenancy.

7. As an affirmative defense, the defendant asserts that through his legal services, he prepaid the debtor for the entire occupancy period prior to the debtor's bankruptcy filing and owes no rent to the estate. The defendant also asserts that he spent in excess of $3,000 for repairs to the property and should be entitled to offset that amount against the value of any rental payments due.

### CONCLUSIONS OF LAW

The filing of debtor's petition for relief under Chapter 7 created a bankruptcy estate comprised of all his legal and equitable interests in property. 11 U.S.C. § 541. *See also In re Mackey,* 158 B.R. 509 (Bankr.M.D.Fla. 1993), and *In re Brown,* 165 B.R. 512 (Bankr. M.D.Fla.1994). The bankruptcy estate also includes any rent receivables relating to property of the estate. 11 U.S.C. § 541(a)(6). As trustee, the plaintiff has a duty to preserve the property of the estate and to collect any monies owed to it. The non-homestead residential real property owned by the debtor is property of the estate. Thus, it is undisputed that if the defendant owed rent to the debtor, those proceeds would also be property of the estate pursuant to 11 U.S.C. § 541(a)(6).

At trial, the Court heard conflicting evidence regarding the rental value of the property. The Court finds that the fair rental value of the property is $500 per month and agrees with plaintiff that the total rental value of the property for the duration of defendant's tenancy is $3,000.

The Court, however, must examine defendant's claimed entitlement to a setoff and must determine what amount, if any, the defendant may offset against the rent receivables. This Court has held that "[s]et off is a permissive doctrine that is within the equitable power of the Court to grant or deny," and "is based on fairness." *In re Apex International Management Services, Inc.*, 155 B.R. 591, 596 (Bankr.M.D.Fla.1993).

In Bankruptcy cases, setoffs are governed by 11 U.S.C. § 553, which states:

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case....

11 U.S.C. § 553(a).

■ In their application of § 553 to requests for setoffs, Bankruptcy courts have held that under § 553, "[t]he only requirements are that the debts and claims be mutual and pre-petition." *Braniff Airways, Inc. v. Exxon Company, U.S.A.*, 814 F.2d 1030, 1035 (5th Cir.1987). *See also In re Selma Apparel Corp.*, 155 B.R. 241 (Bankr.S.D.Ala. 1992). The burden of proving these elements "rests on the party articulating a right to setoff." *Matter of Aquasport, Inc.*, 155 B.R. 245, 248 (S.D.Fla.1992). The party requesting setoff is not required to file a proof of claim. *In re Selma Apparel Corp.*, 155 B.R. 241, 244 (Bankr.S.D.Ala.1992).

■ Case law has established guidelines for determining the mutuality of debts and claims and for determining whether they were incurred prior to the filing of the bankruptcy case. Courts have held that mutuality exists "where both obligations are held by the same parties, in the same capacity." *Id.* However, it is unnecessary for debts to "arise from the same transaction to be mutual." *Id.*

■ In determining whether the debts and claims arose pre-petition, the key test is whether "all the transactions which gave rise to [the mutual obligations] occurred prior to the petition date." *Braniff Airways, Inc. v. Exxon Company, U.S.A.*, 814 F.2d 1030, 1036 (5th Cir.1987) (quoting *In re Delta Energy Resources, Inc.*, 67 B.R. 8, 12 (Bankr. W.D.La.1986)).

### A. Defendant entitled to offset value of legal services

■ Defendant and debtor agreed that defendant would occupy debtor's non-homestead real property in exchange for prior legal services rendered to debtor. Thus, the debtor owed the defendant for the costs of his representation and the defendant "owed" the debtor the fair rental value of the property for the duration of his tenancy. The Court finds these debts to be mutual.

■ The Court must next determine whether the debts were pre-petition obligations. The Court finds that mutual debts do not "have to be calculated prior to the filing of the bankruptcy petition in order for setoff to be available...." *Braniff Airways v. Exxon Company, U.S.A.*, 814 F.2d 1030, 1036 (5th Cir.1987). In this case, the Court heard conflicting testimony regarding whether the defendant's legal representation of debtor concluded prior to the debtor's bankruptcy filing. The Court also heard conflicting testimony regarding the reasonable value of those services. Having reviewed the evidence, the Court finds the value of defendant's pre-petition legal services to debtor to be $1,500. Debtor and defendant agreed that any rent payments from defendant to debtor would be waived to the extent of the value of defendant's legal services to debtor. This agreement occurred prior to the debtor's bankruptcy filing. Thus, defendant is entitled to offset $1,500 against the fair rental value of the property for the 6 month duration of his tenancy ($3,000).

### B. Defendant is not entitled to offset value of repairs to property

■ At trial, the defendant testified that he made numerous repairs to the property, including the replacement of a hot water heater, the installation of a pool pump, and the eradication of a rat infestation. Defendant, however, failed to produce evidence of

the value of these repairs. The Court finds that defendant's evidence is insufficient to provide an amount for setoff.

Additionally, the Court notes that "[a]s a general rule, neither a creditor nor a debtor may offset pre-petition debts and claims against post-petition debts and claims...." *In re Virginia Block Co.*, 16 B.R. 771, 775 (Bankr.W.D.Va.1982). The Court finds that the value of defendant's repairs to the property are post-petition claims and may not be offset against the value of the rental payments accrued during defendant's occupancy of the property.

### C. Conclusion

The defendant is entitled to setoff if the debts and claims existing between the defendant the debtor are mutual and pre-petition. The debtor and defendant agreed that defendant would occupy debtor's non-homestead real property in exchange for defendant's prior legal representation of debtor. This agreement created mutual obligations prior to the debtor's bankruptcy filing. The Court finds that the fair rental value of the property for the period of defendant's occupancy is $3,000. The defendant is entitled to offset $1,500 for legal services rendered to debtor prior to debtor's petition for relief. The defendant is not entitled to offset the alleged value of his repairs to the property because those repairs represent post-petitions claims. Thus, the Court will enter a judgment in favor of the plaintiff for $1,500.

### JUDGMENT

This proceeding came before the Court upon a Complaint to Recover Monies Owed Estate. Upon findings of fact and conclusions of law separately entered, it is

ORDERED:

1. Judgment is entered in favor of the plaintiff, Gregory K. Crews, Trustee, and against the defendant, Ronald Ira Cole.

2. Plaintiff shall recover $1,500 from defendant for which let execution issue.