In re Kathy Lorraine JONES, Debtor.

Kathy Lorraine JONES, Plaintiff,

v.

UNITED STATES of America, Margaret M. Richardson, John D. Johnson, Richard F. Moran, and Robert Rubin, Defendants.

Bankruptcy No. 96–01590–APG.
Adversary No. 96–00159–APG.

United States Bankruptcy Court,
M.D. Alabama.

Aug. 1, 1997.

Harold S. Patrick, Legal Services Corporation of Alabama, Opelika, AL, for Debtor/Plaintiff.

Patricia Allen Conover, Assistant United States Attorney, Montgomery, AL, for Defendant.

## OPINION

A. POPE GORDON, Bankruptcy Judge.

The debtor commenced this adversary proceeding under 11 U.S.C. § 362(h) against the United States of America and others to recover an income tax overpayment intercepted in violation of the automatic stay.[1]

The violation transpired when the Internal Revenue Service offset the debtor's 1995 income tax refund against the debtor's income tax liability for 1990, 1991, and 1992.

The United States and the debtor filed cross motions for summary judgment.

The parties filed briefs and orally argued the motions at a hearing held June 24, 1997.

---

1. The debtor also requested the court to determine the dischargeability of the debtor's assessed 1990 and 1991 income tax liability. Upon the consent of the United States, partial summary judgment entered March 21, 1997 declaring the taxes dischargeable.

The facts are substantially undisputed.

The debtor filed a petition for relief under chapter 7 of the Bankruptcy Code on April 12, 1996.

The debtor scheduled the expected refund as an asset in the amount of $2,425.00 and claimed the refund exempt.[2]

In May 1996, the Service applied the refund to the debtor's tax liability for 1990, 1991, and 1992 and remitted the balance to the debtor.[3]

The debtor received a chapter 7 discharge on July 29, 1996 which discharged the debtor's tax liability for 1990 and 1991.[4] The 1992 tax liability is not discharged.[5]

The debtor contends the refund is due to be returned because the Service (1) improperly offset its debt with exempt property; and (2) willfully violated the automatic stay.

### Setoff

11 U.S.C. § 522(c) declares the general rule that property exempted "is not liable during or after the case for any debt of the debtor that arose ... before the commencement of the case...."

The rule contains several exceptions.[6] The only exception relevant permits the application of exempt property to satisfy a nondischargeable tax debt:[7]

Bankruptcy Code section 522, relating to exemptions, provides that property exempted is not liable for any debt of the debtor that arose before the commencement of the case except "a debt of a kind specified in section 523(a)(1)...." Thus, discharge will not be a bar to collection of nondischargeable taxes against exempt property.[8]

In the case *sub judice*, the Service applied the exempt refund to satisfy three income tax debts. Application of the refund was proper only with regard to the nondischargeable 1992 tax debt. The tax debts for 1990 and 1991 are dischargeable, falling within the operation of the general rule that exempt property "is not liable for any debt."[9]

---

**2.** Section 522(1) requires the debtor to "file a list of property that the debtor claims as exempt.... Unless a party in interest objects, the property claimed as exempt on such list is exempt." 11 U.S.C. § 522(1).

In the instant case, the debtor properly claimed the tax refund as exempt. No objections to the exemption were filed, and the time for filing objections has expired. *See* Fed.R.Bankr. Proc. 4003(b) and *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).

**3.** The debtor received a $339.46 balance. At the time of the petition, the debtor owed income tax for 1990 and 1991 in the amount of $1,993.33 plus $92.21 for 1992, totaling $2,085.54.

**4.** The taxes became subject to the operation of the discharge when the taxes were ruled dischargeable by the March 1997 partial summary judgment.

**5.** The debtor concedes that the 1992 tax liability is excepted from discharge under 11 U.S.C. § 523(a)(1).

**6.** *See* 11 U.S.C. § 522(c)(1), (2), and (3). The exceptions apply only to enumerated secured or nondischargeable debts. Subsection (3) excepts debts secured by "a tax lien, notice of which is properly filed." However, there is no evidence of a tax lien in the instant case.

**7.** *See* 11 U.S.C. § 522(c)(1) which excepts "a debt of a kind specified in section 523(a)(1)."

The kind of debt specified in § 523(a)(1) is a tax "of the kind and for the period specified" in § 507(a)(8).

Section 507(a)(8) comprises taxes within three alternative categories: (1) tax due for a taxable year within the three-year period before filing the petition; (2) tax assessed within 240 days before the filing; or (3) tax not assessed, but assessable, at the time of filing. *See* 3 Lawrence P. King, *Collier on Bankruptcy* ¶ 507.10[2], at 507–58 (15th ed. rev.1996).

Taxes for 1990 and 1991 do not fall within these periods and are not of the kind specified in § 523(a)(1).

**8.** 4 Lawrence P. King, *Collier on Bankruptcy* ¶ 523.07[6], at 523–38 (15th ed. rev.1996).

**9.** *See In re Miel*, 134 B.R. 229 (Bankr.W.D.Mich. 1991) (holding otherwise would render section 522 meaningless in the setoff context); *In re Monteith*, 23 B.R. 601 (Bankr.N.D.Ohio 1982). *See also* 5 Lawrence P. King, *Collier on Bankruptcy* ¶ 553.03[3][e][iv], at 553–43 (15th ed. rev. 1996):

Setoff may also be denied if the setoff has not been taken before the commencement of the case and the debtor claims the property as exempt. In general, courts rely on section 522(c) in reaching this conclusion. Section 522(c) provides that "property exempted under this section is not liable during or after the case for any debt of the debtor that arose ... before the commencement of the case."

The brief of the United States disregards the operation of 11 U.S.C. § 522(c). The United States relies solely on the general rules of setoff expressed in 26 U.S.C. § 6402 (Internal Revenue Code) and 11 U.S.C. § 553(a).[10]

However, 11 U.S.C. § 553 does not create rights of setoff.[11] 11 U.S.C. § 553 merely preserves, with exception, rights of setoff created by nonbankruptcy law.[12]

The right of setoff is strictly construed in a bankruptcy proceeding because the

> right to setoff is contrary to the Bankruptcy Code's dominant theme of equal treatment of creditors, because a setoff has the effect of paying one creditor more than another.[13]

Strict construction of the right of setoff requires recognition of the limitation in 11 U.S.C. § 522(c) on the exercise of the right to setoff using exempt property.

The court concludes that the Service improperly offset the debtor's exempt tax refund against the debtor's 1990 and 1991 tax debts. The debtor is entitled to a judgment of the amounts improperly offset plus interest.[14]

### Violation of Automatic Stay

The parties do not dispute that the setoff by the Service constituted a violation of the automatic stay.[15]

Under 11 U.S.C. § 362(h), an individual may recover damages for only a willful violation of the stay.

However, the court need not decide whether the Service willfully violated the stay because the only damages proven by the debtor are the amounts of the refund improperly offset.[16]

Judgment will enter accordingly for the plaintiff against the United States.[17]

---

**10.** *See Burton v. United States (In re Selma Apparel Corp.)*, 155 B.R. 241 (Bankr.S.D.Ala.1992).

**11.** With certain exceptions, the Bankruptcy Code *"does not affect* any right of a creditor to offset a mutual debt." 11 U.S.C. § 553(a) (emphasis added).

**12.** *See* 26 U.S.C. § 6402 which creates the right of setoff on which the United States relies in the instant case. 11 U.S.C. § 553 preserves, with exception, this nonbankruptcy right to offset mutual, prepetition debts.

**13.** *Charter Crude Oil Co. v. Exxon Co. (In re The Charter Co.)*, 103 B.R. 302, 305 (M.D.Fla.1989).

**14.** The debtor's 1990 and 1991 tax liabilities total $1,993.33. 11 U.S.C. § 522(c) permitted the Service to offset the tax refund against the debtor's 1992 tax liability, and the debtor is not entitled to the amount properly offset.

**15.** *See* 11 U.S.C. § 362(a) which operates as a stay of "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor . . ." 11 U.S.C. § 362(a)(7).

**16.** Though an award of attorney's fees and costs may be authorized, the debtor as a client of the Legal Services Corporation of Alabama has no compensable attorney's fees or costs associated with this proceeding. The United States has not waived sovereign immunity with respect to punitive damages. 11 U.S.C. § 106(a)(3).

**17.** The remaining defendants have not answered the complaint, are not necessary to accord relief to the debtor, and will be dismissed sua sponte from this adversary proceeding.