**In re Renee L. MUNSON, Debtor.**

**Bankruptcy No. 99–80443.**

United States Bankruptcy Court, C.D. Illinois.

Aug. 20, 1999.

Joel A. Deutsch, Rock Island, IL, for debtor.

Gerald Brost, Peoria, IL, for I.R.S.

Richard A. Bowers, Rock Island, IL, for trustee.

## *OPINION*

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

Before the Court is the motion filed by the INTERNAL REVENUE SERVICE (IRS), for relief from the automatic stay and for setoff.

RENEE L. MUNSON, the Debtor (DEBTOR), filed a Chapter 13 petition on February 16, 1999. On her schedules, the DEBTOR listed an estimated income tax refund for 1998 in the amount of $2,730.00 and claimed the refund as exempt, pursuant to the Illinois Exemption Statute. The refund included her earned income credit in the amount of $2,160 claimed as exempt pursuant to 735 ILCS 5/12–1001(g) and the remainder of $570 was claimed as exempt

under 735 ILCS 5/12–1001(c), the wildcard exemption. The DEBTOR also listed the IRS as a priority creditor for 1996 income taxes, in the amount of $4,770.54.[1] The DEBTOR's plan, filed along with the petition, provided for payment of the IRS' claim in full, as a priority claim. Notice of the confirmation hearing set for March 25, 1999, along with a copy of the plan, was sent to all creditors, including the IRS. The DEBTOR filed her 1998 tax return electronically shortly before the date set for the confirmation hearing. The IRS did not object to the plan, nor did it appear at the confirmation hearing, and the Court orally confirmed the plan on that date. On the following day, March 26, 1999, the IRS filed a motion to lift the stay and for setoff. A confirmation order was entered on April 21, 1999. A hearing was held on the motion filed by the IRS and the matter was taken under advisement.

■ At issue in this case is whether the IRS can exercise its statutory right of setoff at this stage of the proceedings. Section 553(a) of the Bankruptcy Code preserves, with certain exceptions, rights of setoff which are created by nonbankruptcy law. That section provides, in pertinent part:

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case....

11 U.S.C. § 553(a). Under the Internal Revenue Code, 26 U.S.C. § 6402(a), which creates the right of setoff upon which the IRS relies, an overpayment of taxes may be credited against any liability, prior to refunding any balance to the taxpayer. The IRS identifies two separate issues presented for decision. Under the first, dubbed "the exemption vs. setoff" issue, the IRS contends that the DEBTOR had no right to claim an exemption in the 1998 tax overpayment. The second issue focuses upon the effects of the order confirming the Chapter 13 plan, and the IRS' ability to exercise rights inconsistent with those set forth in the plan. Submitting that the importance of these issues transcends the small risk it has at stake in the present case, the IRS seeks to establish broad rulings which would make the government's right of setoff paramount in future cases. However, this Court is concerned with only this case and the issues which need be addressed to properly resolve the matter between these parties.

■ The first issue raised by the IRS does not come into play here at all. Presuming, for purposes of analysis, that the DEBTOR's claim of exemption in the anticipated tax refund would eliminate the IRS' right of setoff, the IRS' failure to timely file an objection results in the property being exempt under § 522(*l*) of the Bankruptcy Code. Under the Supreme Court's decision in *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), the validity of an exemption cannot be contested after the time for filing objections has passed, even though the debtor has no colorable basis for claiming the exemption. As the DEBTOR concedes in her brief, however, the exempt status of her claim for the anticipated tax refund does not shield it from IRS' right of setoff. Section 522(c) of the Bankruptcy Code provides that exempt property is not liable for prepetition debts, with certain exceptions, one of which is for tax due for a taxable year within the three-year period before the filing of the petition. 11 U.S.C. § 522(c)(1). Accordingly, the DEBTOR's claim of exemption would not bar the IRS' right to setoff the DEBTOR's tax refund

---

**1.** The DEBTOR listed the total amount of the claim to be $4,808.45, with only $4,770.54 entitled to priority.

against the DEBTOR's 1996 income taxes. *In re Jones,* 212 B.R. 680 (Bkrtcy.M.D.Ala. 1997), *aff'd* 230 B.R. 875 (M.D.Ala.1999).

■ It is the second issue, referred to as the "plan vs. setoff" issue, which is dispositive of the IRS' motion for relief from the stay. The IRS argues that its right of setoff is neither controlled nor defeated by the DEBTOR's confirmed plan. Relying on the language of § 553 which expressly provides that nothing in the Code affects a creditor's right of setoff unless explicitly stated in § 553, the IRS argues that the right of setoff survives confirmation of a Chapter 13 plan. Courts are sharply divided on this issue, and both parties find support in the decided cases. The IRS relies upon *In re De Laurentiis Entertainment Group Inc.,* 963 F.2d 1269 (9th Cir.1992). Holding that the claimant retained its right of setoff even though it failed to object to the Chapter 11 plan, the court relied upon the language and structure of § 553(a), as well as the precedence given the setoff provision under the Bankruptcy Act. The court noted that denying the creditor's right of setoff would be particularly unfair, given the creditor's assertion and active pursuit of its setoff right during the entire period of the debtor's reorganization, both before and after the plan was confirmed.

The court's reasoning in *De Laurentiis* has been extended to Chapter 13 cases. *See In re Sedlock,* 219 B.R. 207 (Bkrtcy. N.D.Ohio 1998); *In re Whitaker,* 173 B.R. 359 (Bkrtcy.S.D.Ohio 1994); *In re Orlinski,* 140 B.R. 600 (Bkrtcy.S.D.Ga.1991). Not all of those cases, however, are factually identical to the present case. In *In re Sedlock,* the court emphasized that the debtors' delay in filing their tax returns until well after the plan was confirmed prevented the IRS from timely asserting its right of setoff, and concluded that denying the IRS' right of setoff would only reward the debtors' dilatory actions, because the claim of the IRS was not to be paid in full under the terms of the plan. In *Orlinski,* the court noted that the IRS'

motion for relief from the stay to exercise its right of setoff was filed prior to confirmation of the debtor's plan, even though the motion was not heard until after the plan was confirmed.

The DEBTOR relies upon *In re Continental Airlines,* 134 F.3d 536 (3d Cir.1998) and *Internal Revenue Service v. Norton,* 717 F.2d 767 (3d Cir.1983). In *Norton,* the debtors' Chapter 13 plan, which proposed to pay the claim of the IRS in full, was confirmed without objection by the IRS. Denying IRS' right to setoff a tax refund owed to the debtors against their prepetition tax debts, the Court of Appeals for the Third Circuit held that the IRS was bound by the confirmed plan, stating:

> [T]he Bankruptcy Court gave the IRS notice and an opportunity to have its objections to the proposed plan heard, an opportunity the IRS failed to take. Upon confirmation, the IRS became bound to that plan and to the payment schedule that would satisfy its claim in full. The [debtors] have been faithful to their obligations under the plan. To allow the IRS to retain their overpayment as extra security on the debt would seriously compromise the powers of the Bankruptcy Court, the capacity of debtors to rehabilitate, and the equitable distribution that the Bankruptcy Code is designed to foster.

In *Continental Airlines, supra,* a Chapter 11 case decided after the U.S. Supreme Court's decision in *Citizens Bank of Maryland v. Strumpf,* 516 U.S. 16, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995), the court held that confirmation of the debtor's Chapter 11 plan extinguished the government's right of setoff. Noting that the Court in *Strumpf* specifically declined to address the debtor's contention that confirmation of the Chapter 13 plan precluded the creditor's exercise of its setoff right, the court in *Continental Airlines* distinguished *De Laurentiis* and reaffirmed its holding in *Norton,* ruling that the failure to exercise a right of setoff prior to confirmation of a plan extinguishes that claim. Other courts

have reached the same result, holding that the federal government cannot assert a right of setoff after confirmation of a plan. *In re Lykes Bros. Steamship Co., Inc.,* 217 B.R. 304 (Bkrtcy.M.D.Fla.1997); *In re Warden,* 36 B.R. 968 (Bkrtcy.D.Utah 1984) (plan provided for full payment of IRS' claim).

 Notwithstanding the fact that the cases relied upon by the IRS here are characterized as the majority position, this Court agrees with those decisions relied upon by the DEBTOR. It is true that under the plain language of § 553(a), a right of setoff is given primacy over other provisions of the Bankruptcy Code. It is equally clear, however, that § 1327(a) unequivocally provides that a confirmed plan binds all creditors and it does not include setoff as an exception to the effects of confirmation. Because a right to setoff is lost if it is not timely exercised, the right of setoff is not as absolute as a reading of § 553(a) might suggest. Giving precedence to § 553(a) over § 1327(a) would erode the certainty and finality arising from confirmation of a plan, contrary to the long-standing position taken by this Court.

 This Court has upheld the binding effect of confirmation orders under a wide barrage of attacks. Even where the plan misclassifies the creditor's claim, the plan will bind the creditor. Addressing this effect in *In re Fox,* Case No. 97–83258 (March 11, 1998), this Court stated:

This Court recently commented on the binding effect of confirmation orders in *In re Wallace,* No. 97–82625 (Dec. 2, 1997), stating:

This Court has unfailingly upheld the finality and binding effect of orders confirming plans, as to both creditors and debtors. Speaking to that issue in *In re Petry,* Case No. 92–80894 (May 20, 1994), the Court stated:

An order confirming a Chapter 13 plan has *res judicata* effect as to all issues which were decided, or could

have been decided, at the time of confirmation. 11 U.S.C. § 1327(a); *In re Bess,* Case No. 90–80284 (October 4, 1990); *In re Snouffer,* Case No 90–80454 (May 23, 1990). Countless decisions have reached the same result, holding that an order of confirmation binds both the debtor and the creditors provided for thereby. *See e.g. In re Young,* 76 B.R. 504 (Bkrtcy.E.D.Pa. 1987); *In re Williams,* 96 B.R. 149 (Bkrtcy.N.D.Ill.1989); *In re Edelsberg,* 101 B.R. 386 (Bkrtcy.S.D.Fla. 1989). Where a debtor's treatment of the creditor's claim is clear, the creditor cannot complain after confirmation, even if the debtor's treatment of its claim is improper under the Bankruptcy Code or applicable nonbankruptcy law. *Bess, supra . . . .*

The Seventh Circuit Court of Appeals has also recognized the sanctity of confirmation orders. *Matter of UNR Industries, Inc.,* 20 F.3d 766 (7th Cir. 1994); *Holstein v. Brill,* 987 F.2d 1268 (7th Cir.1993); *Matter of Chappell* 984 F.2d 775 (7th Cir.1993); *Matter of Pence,* 905 F.2d 1107 (7th Cir.1990).

In the present case, the IRS received adequate notice of the treatment of its claim under the DEBTOR's plan. The plan provided that the claim was entitled to priority and would be paid in full over the term of the plan. Though it is true, as pointed out by the IRS, that the DEBTOR's return was filed only days before the confirmation hearing, the DEBTOR had disclosed the anticipated tax refund on her schedules. While the IRS contends that it did not have sufficient time to determine the status of its claim prior to the confirmation hearing, due to the timing of the filing of the DEBTOR's return, it filed the motion for relief from the stay the following day. Chapter 13 proceedings are necessarily fast-track, but it is not uncommon for the IRS to appear at confirmation hearings and to request that confirmation be delayed until all tax returns have been filed and the debtor's tax liability or over-

payment determined. These requests are routinely granted. The IRS could easily have done so in this case, but it either failed or elected not to appear at the confirmation hearing. The IRS' plea for special consideration based on the fact that it is a creditor in most bankruptcies is undeserving. Nothing in the Bankruptcy Code, nor the decided cases, affords the government special dispensation in its role as tax collector. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 209, 103 S.Ct. 2309, 2316, 76 L.Ed.2d 515 (1983). Just as in *Norton, supra*, the IRS is protected here by a confirmed plan that will pay its claim in full. Accordingly, this Court holds that the IRS is bound by the terms of the DEBTOR's confirmed plan, which provides for payment of its claim over the life of the plan, even though the plan, if not completed, may provide it with less than it would have otherwise received, had it timely asserted its right of setoff. In so holding, this Court notes that its decision is limited to a confirmed plan which provides for specific treatment of a tax claim.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.