**In re Raymond Vega MARTINEZ and Tonie Jo Martinez, Debtors.**

**No. 00–50862–RBK.**

United States Bankruptcy Court,
W.D. Texas,
San Antonio Division.

Dec. 8, 2000.

Paul W. Rosenbaum, San Antonio, Texas, for debtors.

Jonathan R. Williams, Department of Justice, Dallas, Texas, for United States (Internal Revenue Service).

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

RONALD B. KING, Bankruptcy Judge.

In connection with the Order Overruling Objection to Proof of Claim, the Court hereby makes the following Findings of Fact and Conclusions of Law pursuant to Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure:

### FINDINGS OF FACT

1. On March 1, 2000, Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code.

2. On April 28, 2000, the Internal Revenue Service (the "IRS") filed a Proof of Claim for unpaid taxes for several tax years. On June 30, 2000, Debtors filed their Objection to Proof of Claim of the IRS. On July 24, 2000, the IRS filed its Response to the Debtors' Objection.

3. On April 28, 2000, the IRS filed an Amended Proof of Claim for unpaid taxes in the total amount of $24,210.42, crediting the Debtors with a tax overpayment of $2,695.66 for tax year 1999. The IRS asserted its right of setoff against the Debtors' 1999 tax refund. The IRS claim was broken down as follows:

1. secured claim amounting to $2,695.66 for tax year 1992 (the "setoff");

2. unsecured priority claim of the IRS for unpaid taxes amounting to $6,531.81 for the tax years 1995, 1996, and 1997;

3. the following unsecured nonpriority claims:

   a. $4,290.00 for tax year 1993;

   b. interest for tax year 1992 for $1,815.59;

   c. interest for tax year 1993 of $3,430.66;

   d. penalty for tax year 1992 of $3,275.56; and

   e. penalty for tax year 1993 of $2,171.14.

4. Shortly after the October 26, 2000 hearing, on November 1, 2000, the Debtors amended their schedules to claim the 1999 tax refund of $2,695.66 as exempt property under 11 U.S.C. § 522(d)(5) (2000).

5. The Debtors argue that the IRS should offset the $2,695.66 tax refund for 1999 against the unsecured priority claim of $6,531.81. The IRS claims secured status for the $2,695.66 refund due to its right of setoff under 26 U.S.C. § 6402(a) (2000) and 11 U.S.C. § 553(a) (2000). The IRS asks the Court to validate its right to set off the $2,695.66 against Debtors' unpaid taxes for tax year 1992. Without secured status for the $2,695.66, all of the IRS's claim for 1992 taxes, penalty, and interest would remain unsecured nonpriority claims which were discharged.

## CONCLUSIONS OF LAW

### A. Jurisdiction and Venue

1. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(a), 1334 (2000) and the Standing Orders of Reference of the district court. The Court may enter a final order in this core proceeding. 28 U.S.C. § 157(b)(1), (b)(2)(B) (2000).

2. Venue is proper in this Court under 28 U.S.C. § 1409 (2000).

### B. Exemptions and Right of Setoff

1. Under section 522, property exempted from the bankruptcy estate is not liable for any debt arising before the bankruptcy was filed. 11 U.S.C. § 522(c) (2000).

2. Section 553(a) of the Bankruptcy Code provides:

Except as otherwise provided in this section or in sections 362 and 363 of this title, *this title does not affect* any right of a creditor to offset a mutual debt. . . .

11 U.S.C. § 553(a) (2000) (emphasis added).

3. Bankruptcy Local Rule 3025 concerns the disposition of federal income tax refunds in Chapter 13 cases. It states:

Any tax refund not necessary to pay tax obligations shall be first applied to cure any delinquency in the Chapter 13 Plan prior to remitting the balance of said refund to the Debtor. Therefore, with respect to all pending Chapter XIII Bankruptcy Act cases and all pending or hereafter filed Chapter 13 Bankruptcy Code cases:

1. The Internal Revenue Service is authorized to apply any tax refunds of Debtors to the payment of any tax obligations due and owing by said Debtors, regardless of whether such tax obligations or tax refunds arose before or after the filing of the case so long as such tax claims are entitled to priority status under 11 U.S.C. § 507(a).

2. The terms "taxes" and "refunds" includes all penalties and interest associated with taxes and refunds.

3. The Internal Revenue Service shall be entitled to charge its normal rate of interest and penalties for tax obligations arising after the filing of the Chapter 13 Petition.

4. Local Rule 3025 does not confer additional substantive rights upon the IRS or the Debtors. It is a safe harbor provision that allows the IRS to apply tax refunds against priority tax liability without violating the automatic stay provisions of section 362.

## C. Discussion

The clear and unambiguous language of section 553(a) states that Title 11 does not affect a creditor's right of setoff. It appears that unless sections 362, 363, or some provision of section 553 applies and otherwise provides, the IRS can exercise its nonbankruptcy right to set off Debtors' 1999 tax refund against their 1992 tax liability. The IRS argues that *Runnels v. Internal Revenue Service (In re Runnels)*, 134 B.R. 562 (Bankr.E.D.Tex.1991) and *United States v. Luongo (In re Luongo)*, 255 B.R. 424 (N.D.Tex.2000) support this outcome. The court in *Runnels* concluded that the IRS's right of setoff cannot be defeated by a debtor's claim that his property is exempt. *Luongo* referred to the "clear and unambiguous language" of section 553(a) to agree with *Runnels*. *Luongo*, 255 B.R. 424, 426–27. *Luongo* further found no conflict between section 553(a) and section 522 which requires statutory interpretation. *Id.* at 426–27.

Conversely, the Debtors argue that the IRS's right to setoff under section 553(a) must yield to a debtor's right to exempt and protect assets under section 522. *United States v. Jones (In re Jones)*, 230 B.R. 875, 879 (M.D.Ala.1999); *Alexander v. Internal Revenue Service (In re Alexander)*, 225 B.R. 145, 151 (Bankr.W.D.Ky. 1998) (finding that § 522(c) takes priority over § 553(a) and, therefore, the property

that the debtor had properly claimed as exempt was not subject to setoff). In *Jones*, the court found that if a creditor could exercise a right of setoff against exempt property, section 522 could be nullified by any creditor with such a setoff claim. *Jones* at 880 (citing *Alexander*, 225 B.R. at 149 and *In re Monteith*, 23 B.R. 601, 603 (Bankr.N.D.Ohio 1982) (finding that property exempted by debtor could not be subject to setoff under section 553(a) against a debt owed to the IRS)). As a result, a debtor would completely lose the ability to exempt property from the reach of creditors possessing a right of setoff under section 553(a). The Debtors argue that construing the provisions to allow a setoff to the extent that the debtor has not exempted property gives effect to both sections 522(c) and 553(a). This construction, it is argued, comports with the basic tenet of statutory interpretation that when two provisions of a statute are in conflict, they should be interpreted harmoniously, if possible.

This line of cases also argues that a chief policy behind the Bankruptcy Code is to provide the debtor with a fresh start. Undoubtedly, the Debtors would be able to go forward with their proposed Chapter 13 plan in a more favorable position if the setoff were not allowed to pay the discharged debt.

*Jones* also argued that the legislative history of section 522 supports its conclusion. The court stated that Senate Bill 2266 contained a version of section 522(c) that would have allowed exempt property to remain liable for discharged tax debts. That version of section 522(c), however, was rejected by Congress, "indicating that Congress 'did not intend that exempt property be liable to the payment of dischargeable tax debts.'" *Id.* at 880–81; *Alexander*, 225 B.R. at 150 (quoting *Monteith*, 23 B.R. at 604).

This Court is persuaded that the *Runnels* line of cases states the preferable rule. The ultimate question in the tension

between sections 522 and 553 is who goes first: the right of setoff under section 553 or the right to claim property as exempt under section 522.

An analogous situation would be one in which the debtors owe a bank $10,000.00 and have $5,000.00 on deposit at the bank. Under common law principles, if the $10,000.00 debt is not repaid by the debtors, the bank has a right of setoff to use the $5,000.00 deposit owed to the debtors to partially satisfy the debt owed to the bank. If these hypothetical debtors filed for bankruptcy protection prior to a setoff, it would be inequitable to allow the debtors to exempt the $5,000.00 and force the bank to take its chances with a $10,000.00 unsecured claim in a minimal asset bankruptcy case. The bank should be allowed to offset the mutual debts and any funds remaining could be exempted by the debtors.

Further, the cited "legislative history" in *Jones, Alexander,* and *Monteith* in which it is argued that Senate Bill 2266 contained a version of section 522(c) that would have expressly authorized the IRS to take the setoff against exempt property constitutes "legislative history" of a provision which was not enacted into law. Congress did not act to prohibit the setoff in question, and debate over approval of a provision to explicitly allow setoff in these circumstances does not clearly evince Congressional intent. In any event, the courts are governed by the plain meaning of the statute, rather than cloudy legislative history.

■ The argument in *Jones, Alexander,* and *Monteith* that allowing the exemption prior to the setoff comports with the chief purposes and policies of the Bankruptcy Code fails to take into account the historical reasons for the creation of bankruptcy remedies. Bankruptcy was originally a creditor's remedy used to freeze assets and distribute them ratably to creditors. While modern bankruptcy law allows the voluntary filing of a bankruptcy case in return for discharge of certain debts, the fresh start policy should not routinely trump the common law rights of creditors of setoff of mutual debts.

In conclusion, this Court agrees with the analysis in *Runnels* and *Luongo* that the IRS's right of setoff is unaffected by the Debtors' claim that their 1999 tax refund is exempt property.

## D. Conclusion

1. Debtors' Objection to Proof of Claim of the Internal Revenue Service should be overruled and the Claim of the IRS should be allowed.

2. The IRS can exercise its right of setoff of the Debtors' 1999 tax refund in the amount of $2,695.66 against the Debtors' 1992 discharged tax debt.

3. Any Finding of Fact which should more appropriately be characterized as a Conclusion of Law shall be considered a Conclusion of Law herein. Similarly, any Conclusion of Law which should more appropriately be characterized as a Finding of Fact shall be considered a Finding of Fact herein.

## ORDER OVERRULING OBJECTION

On October 26, 2000, came on to be heard the Debtors' Objection to Proof of Claim of the Internal Revenue Service (Court document # 16), and the parties appeared by and through their respective counsel and announced ready. After considering the evidence and hearing the arguments of the parties and taking the matter under advisement, the Court is of the opinion that the Objection should be in all things overruled for the reasons stated in the Findings of Fact and Conclusions of Law rendered contemporaneously herewith.

It is, therefore, **ORDERED, ADJUDGED AND DECREED** that the above-referenced Objection is hereby **OVERRULED.**