**In re Maurice Len ALEXANDER, Debtor.**

**Maurice Len ALEXANDER, Plaintiff,**

**v.**

**COMMISSION, INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 97–31085(3)7.
Adversary No. 97–3126.**

United States Bankruptcy Court,
W.D. Kentucky,
Louisville Division.

April 1, 1998.

Anne Marie Regan, Legal Aid Society, Inc., Louisville, KY, for debtor.

John Wilson, Louisville, KY, trustee.

## MEMORANDUM–OPINION

J. WENDELL ROBERTS, Bankruptcy Judge.

The Plaintiff/Debtor, Maurice Alexander ("Debtor"), filed for Chapter 7 Bankruptcy on March 5, 1997. In his Petition, Debtor claimed an exemption in his anticipated federal income tax refund for tax year 1996, in an amount of $3,450.31. Thereafter, he received notice from the Defendant, the Internal Revenue Service (the "IRS"), that it had applied, or "set-off," the full amount of Debtor's 1996 refund against a dischargeable tax debt owed by Debtor for tax year 1991.

Debtor subsequently filed this Adversary Proceeding to recover from the IRS that portion of his 1996 tax refund which he claimed exempt. There are no material facts in dispute. This case turns on a question of law that has never before been addressed by the Sixth Circuit or by the Bankruptcy Courts sitting in the State of Kentucky: i.e., whether a creditor may exercise a right of set-off against exempt property of the Debtor.

The parties filed Cross–Motions for Summary Judgment, each party having extensively researched and briefed the question of law at issue. The Court has fully reviewed the numerous briefs filed by both parties, including all Response and Reply briefs and all of the case law cited by both sides. For the reasons set forth below, the Court will join with the majority of courts which have

considered this issue, in holding that a debtor's exempt property may not be subject to set-off. Accordingly, Debtor's Motion for Summary Judgment will be sustained, and the IRS's Motion for Summary Judgment will be overruled.

## FACTS

Debtor filed his Chapter 7 Bankruptcy action on March 5, 1997. Debtor listed the IRS as a priority creditor holding a debt for federal income taxes for tax year 1991 in the amount of $660.00. Thereafter, the IRS notified Debtor of additional federal income taxes owed for tax years 1991, 1992, 1994 and 1995. Debtor subsequently amended his Bankruptcy Schedules to reflect the debt owed to the IRS as being in the amount of $6,110.00.

Debtor's tax liability for tax year 1991, the year that is of significance to this case, was incurred in the following manner. Debtor originally received an Earned Income Tax Credit for tax year 1991, in the amount of $1,722.00. Several years later, in 1994, the IRS notified Debtor that both his filing status as "Head of Household" and his Earned Income Tax Credit for 1991 had been disallowed. This had the consequential effect of reducing Debtor's exemptions and standard deductions. As a result of these adjustments, Debtor was notified that he owed the IRS $2,659.00 for tax year 1991. By the time Debtor filed for bankruptcy, this amount had grown to $3,477.00.

While Debtor owed a tax liability for tax years 1991, 1992, 1994 and 1995, Debtor was entitled to receive a federal income tax refund for tax year 1996. Debtor qualified for an Earned Income Tax Credit in the amount of $2,742.00, and expected to receive a tax refund based on his withholding in the amount of $735.00. Debtor listed these refunds in his Bankruptcy Petition as property in which he possessed an ownership interest, and claimed an exemption with regard to both. Debtor claimed the $2,742.00 Earned Income Tax Credit as exempt under K.R.S. 205.220(3),[1] and claimed $708.31 of the $735.00 tax refund based on withholding un-

---

1. K.R.S. 205.220(3) exempts public assistance benefits from levy or execution.

der K.R.S. 427.160.[2] Debtor was unable to claim the full amount of the $735 .00 tax refund as exempt, as he used the balance of his $1,000.00 exemption under K.R.S. 427.160 to exempt his otherwise non-exempt earnings. Consequently, Debtor was able to claim all but $26.29 of his 1996 Federal tax refund as exempt. No objections were filed thereto.

Shortly after Debtor filed his bankruptcy action, the IRS notified Debtor that the full amount of his 1996 refund, totaling $3,477.00, had been applied to the taxes Debtor owed for tax year 1991. Counsel for Debtor contacted the IRS and was advised that the IRS would not release the funds to Debtor. It is undisputed that Debtor's tax debt for tax year 1991 is dischargeable. Nevertheless, it is the IRS's position that the interception of Debtor's 1996 tax refund was a valid set-off under 11 U.S.C. § 553.

### LEGAL DISCUSSION

### A. PROPERTY EXEMPTED FROM THIS BANKRUPTCY ESTATE UNDER § 522 MAY NOT BE THE SUBJECT OF A SET-OFF UNDER § 553.

The issue which must be resolved by this Court is whether the IRS was entitled to exercise its right to set-off against property in which Debtor claimed an exemption; i.e., his 1996 tax refund.

The United States Supreme Court has addressed the application of set-off in the context of bankruptcy proceedings in the case of *Citizens Bank v. Strumpf,* 516 U.S. 16, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995). "The right of set-off (also called 'offset') allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" *Id.,* 516 U.S. at 16, 116 S.Ct. 286. The Bankruptcy Code does not create a federal right of set-off. *Id.* However, if a party possesses a right of set-off outside of bankruptcy, 11 U.S.C. § 553(a)

preserves that right when certain conditions are met. *Id.*

Section 553(a) reads:

Except as otherwise provided by this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset *a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case.*

(emphasis added). Thus, to offset a debt under § 553, there must not only be a mutuality of parties, but also a mutuality of obligations. *In re A.J. Nielson,* 90 B.R. 172, 175 (Bankr.W.D.N.C.1988); *In re Pyramid Indus., Inc.,* 170 B.R. 974 (Bankr.N.D.Ill.1994), *aff'd.,* 210 B.R. 445 (N.D.Ill.1997); *In re Julien Co.,* 136 B.R. 784 (Bankr.W.D.Tenn. 1992).

The Court notes that the language of § 553(a) has been construed as being permissive in nature, rather than mandatory. *Cumberland Glass Mfg. Co. v. De Witt,* 237 U.S. 447, 455, 35 S.Ct. 636, 59 L.Ed. 1042 (1915); *Internal Revenue Service v. Norton,* 717 F.2d 767, 772 (3rd Cir.1983); *In re Miel,* 134 B.R. 229, 234 (Bankr.W.D.Mich.1991); *In re Cabrillo,* 101 B.R. 443, 448 (Bankr.E.D.Pa. 1989). Section 553(a)'s "application, when properly invoked before a court, rests in the discretion of that court, which exercises such discretion under the general principles of equity." *Norton,* 717 F.2d at 772 quoting 4 Collier on Bankruptcy ¶ 553.02, at 553–11 (15th Ed.1983).

In this case, the non-bankruptcy law upon which the IRS relies for its right to set-off is Section 6402 of the Internal Revenue Code. That provision permits the IRS to set-off any existing tax deficiencies against any tax refunds due to the taxpayer. 26 U.S.C. § 6402(a). There is no dispute in this case that there is a mutuality of parties, a mutuality of obligations, and both obligations arose prepetition. Thus, the general requirements necessary to set-off a debt under § 553 of the

---

**2.** K.R.S. 427.160 allows a debtor in bankruptcy to exempt property of any nature up to a value of $1,000.00.

Bankruptcy Code have been met. What distinguishes this case, however, is the fact that the property against which the IRS attempts to exercise its right to set-off is *exempt* property of the Debtor.

Debtor properly claimed his 1996 tax refund as exempt pursuant to § 522 of the Bankruptcy Code, governing exemptions. While § 522 sets forth federal exemptions permitted under the Bankruptcy Code, the section also contains an opt-out provision, permitting states to substitute their own exemption provisions. § 522(b). Kentucky is an opt-out state, and in this case, Debtor claimed his 1996 Earned Income Credit as exempt under K.R.S. 205.220(3). That provision exempts all public assistance benefits from levy or execution. Federal Earned Income Credit benefits have been determined to be public assistance benefits within the meaning of K.R.S. 205.220(3), and therefore, are exempt from all claims of creditors in bankruptcy. *In re Brown*, 186 B.R. 224 (Bankr.W.D.Ky.1995).

With regard to Debtor's 1996 tax refund based on an overpayment of withheld taxes, Debtor claimed $708.31 of that refund as exempt under K.R.S. 427.160. That Statute provides a $1,000.00 general exemption that can be applied by a debtor in bankruptcy to property of any nature.

As no objections were filed to Debtor's claimed exemptions, his 1996 federal tax refund became exempt under § 522(a). *Taylor v. Freeland*, 503 U.S. 638, 643, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992) ("unless a party in interest objects, the property claimed as exempt on such list is exempt."); *In re Monteith*, 23 B.R. 601, 602 (Bankr.N.D.Ohio 1982). As a result, § 522(c) comes into play.

Section 522(c) provides in relevant part that property exempted from the bankruptcy estate shall not be liable for any debts arising before the bankruptcy was filed, unless such debt falls into one of the exceptions specified in § 522(c)(1) through (3). Sections 522(c)(1) and (3) except certain nondischargeable debts from § 522(c)'s application, while subsection (c)(2) excepts debts secured by a lien. There is no dispute in this case that Debtor's tax obligation for tax year 1991 was not secured by a lien. Additionally, the parties have both conceded that Debtor's 1991 tax year obligation was dischargeable in nature. Thus, the exceptions to § 522(c) do not apply.

As the exceptions to § 522(c) are not relevant, it is clear from the language of that Section that the tax refund owed to Debtor for tax year 1996 cannot be used to satisfy Debtor's prepetition tax debt for tax year 1991. Section 522(c) reads:

> Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under Section 502 of this title as if such debt had arisen, before the commencement of the case, ... The IRS argues, however, that Section 553, preserving a Creditor's nonbankruptcy set-off rights, supersedes Section 522(c).

Many courts have considered the interplay between Sections 553 and 522(c). While the IRS cites to a few cases that have allowed a creditor to exercise a right of set-off against exempt property,[3] the majority of courts have concluded that property exempted from the estate pursuant to § 522 may not be the subject of set-off. *Monteith*, 23 B.R. at 602–04 (where debtor validly claimed an exemption in his tax refund pursuant to § 522 and Ohio's exemption statutes, the IRS was held precluded from setting off the tax refund against debtor's tax debt that arose prepetition); *In re Cole*, 104 B.R. 736, 736–39 (Bankr.D.Md.1989) (held that a creditor may not exercise the right of set-off against exempt property); *In re Wilde*, 85 B.R. 147, 148–49 (Bankr.D.N.M.1988) (Where debtors claimed bank account funds as exempt, bank was precluded from using those funds to set-off indebtedness owed bank by debtors, even though the agreement between the bank and the debtors allowed for set-off); *In re Thompson*, 182 B.R. 140, 153–54 (Bankr. E.D.Va.1995), *aff'd*, 92 F.3d 1182 (4th Cir.

---

**3.** *In re Eggemeyer*, 75 B.R. 20 (Bankr.S.D.Ill. 1987); *In re Runnels*, 134 B.R. 562 (Bankr. E.D.Tex.1991); *Posey v. U.S. Dept. of Treasury—* *I.R.S.*, 156 B.R. 910 (W.D.N.Y.1993); *In re Wiegand*, 199 B.R. 639 (W.D.Mich.1996).

1996) ("a right of set-off cannot be exercised against the exempt assets of the debtor"); *Cabrillo*, 101 B.R. 443, 448–49 (Bankr. E.D.Pa.1989) ("in most circumstances, exempt property may not be subject to set-off"); *In re Davies*, 27 B.R. 898 (Bankr. E.D.N.Y.1983) (Bankruptcy Court held a $400 payment made by debtor on a layaway contract with a furniture store could not be retained by the creditor as a set-off against damages for breach of the rejected executory contract for the purchase of furniture, where debtor claimed the $400 payment as exempt); *In re Terry*, 7 B.R. 880, 883 (Bankr.E.D.Va. 1980) (Court held that debtor's employer could not exercise right of set-off against wages owed to debtor, where debtor had claimed the wages exempt); *Miel*, 134 B.R. at 236 (Bankruptcy Court in Western District of Michigan held § 522(c) precludes the IRS from exercising its right of set-off under § 553 against exempt funds); *In re Haffner*, 12 B.R. 371, 373 (Bankr.M.D.Tenn.1981) ("Following the majority view under applicable nonbankruptcy law, the Court concludes that a creditor may not exercise a right of set-off against property exempted from the estate pursuant of 11 U.S.C. § 522(b)"; therefore, bank was precluded from setting off its obligation on debtors' certificate of deposit claimed exempt against the unpaid balance of debtors' obligation to the bank); *In re Laues*, 90 B.R. 158, 160–61 (Bankr. E.D.N.C.1988) (Court decided to follow majority rule, holding set-off is not allowed "against property otherwise unreachable by creditors under the Code").

■ Accordingly, under the majority rule a creditor's right to set-off under § 553 must yield to the Debtor's right to exempt and protect assets under § 522. The Court finds the reasoning supporting the majority rule to be quite persuasive; consequently, the Court shall follow the majority rule in holding that § 553 does not supersede § 522. Rather, § 522 must be given priority. Therefore, the property that has been properly claimed as exempt by the Debtor is not subject to set-off.

■ If the rule were otherwise, § 522(c) would simply have no meaning. *Miel*, 134 B.R. at 235; *Monteith*, 23 B.R. at 603. A debtor would completely lose the ability to exempt property from the reach of creditors possessing a right of offset under § 553. *Miel*, 134 B.R. at 235; *Monteith*, 23 B.R. at 603. It is a basic tenet of statutory construction that "when two provisions of a statute are in conflict they should be interpreted in such a fashion as to give meaning to the whole." *Miel*, 134 B.R. at 235; *Monteith*, 23 B.R. at 603. Thus, where one construction of a statute will nullify a provision of that statute, while an equally plausible construction will give effect to the statute as a whole, the latter construction is preferred. *Miel*, 134 B.R. at 235; *Monteith*, 23 B.R. at 603. In this case, if § 553 and § 522 are construed so as to allow the IRS to exercise its right of set-off against the Debtor's exempt property, § 522(c) will be rendered without effect or meaning. On the other hand, construing the provisions to mean that a right to set-off under § 553 is limited to property not claimed exempt under § 522, gives effect to both provisions.

Additionally, the Court finds that this construction of the two provisions comports with the purposes and policies of the Bankruptcy Code, chief among which is providing Debtor with a fresh start. *Wilde*, 85 B.R. at 148; *Cole*, 104 B.R. at 738; *Miel*, 134 B.R. at 236. The United States Supreme Court has described the importance of the fresh start as "... a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt." *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 78 L.Ed. 1230 (1934). While this purpose must be balanced against the sometimes competing purpose of ensuring equity among the creditors, the Supreme Court has stated that the provisions of the Bankruptcy Code are to be construed whenever possible in harmony with the policy of providing debtors with a fresh start. *Id.; see also Wilde*, 85 B.R. at 148; *Miel*, 134 B.R. at 236.

The purpose of exemptions promotes the "fresh start" policy by protecting certain property of a debtor from the reach of creditors, for the purpose of ensuring that the debtor and the debtor's family are not deprived of the basic means to survive. *Cole*,

104 B.R. at 738; *Wilde*, 85 B.R. at 148. As the *Cole* case states:

> the debtor should not be stripped bare of his belongings and property so as to be rendered a pauper ... a person shall not be deprived of a fair opportunity to make an honest living so as not to be precluded from casting off the economic shackles with which his debts have bound him.

*Id.* Thus, the exemption provisions "allow the debtor to emerge from bankruptcy with enough assets to begin again." *Wilde*, 85 B.R. at 148.

In the case at bar, the Chapter 7 Trustee not only determined that there were no assets to be distributed to creditors, but Debtor also had very few exempt assets. The only property that he claimed exempt, other than the Federal tax refund at issue in this case, consisted of the following: (1) his clothing; (2) his wages; (3) a $56 Kentucky State tax refund; and (4) a 1984 automobile which was secured, and which ultimately was surrendered to the creditor during the bankruptcy. After subtracting the value of the surrendered automobile, the value of Debtor's assets totaled $4,283.00. The portion of his 1996 Federal tax refund Debtor has claimed exempt, amounting to $3,450.31, constituted 81% of his exempt assets excluding the automobile. Obviously, Debtor's right to a fresh start would be impaired if the IRS were allowed to set-off the 1991 tax debt against the 1996 Federal tax refund Debtor has claimed exempt. Where such a large portion of Debtor's exempt assets is threatened with set-off, the Court finds that the balance between the policy of providing Debtor with a fresh start and the policy of ensuring equity among creditors should be struck in favor of the former.

■ Finally, this Court notes that the legislative history of § 522 supports the conclusion that Congress did not intend that exempt property be liable for discharged tax debts, through set-off or otherwise. One of the versions of § 522(c) that was never enacted by Congress, would have allowed exempt property to remain liable for discharged taxes. Senate Bill 2266; S.R. No. 95–989, 95th Cong. 2nd Sess. 76 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5862. Under that version, the tax refund would have been liable for the payment of Debtor's 1991 tax debt, notwithstanding the fact that the tax debt was a dischargeable debt. Nevertheless, this version was rejected by Congress, thus indicating that Congress "did not intend that exempt property be liable to the payment of dischargeable tax debts." *Monteith*, 23 B.R. at 604.

The Court notes that the actual language of the rejected provision permitted "the *collection* of dischargeable taxes from exempt assets." The I.R.S. argues that because the Congressional history only indicates that dischargeable tax claims may not be *collected* out of exempt property, there is no indication that Congress intended to prohibit the *set-off* of exempt funds against a dischargeable tax debt. The Court rejects the I.R.S.'s distinction, finding that it exalts form over substance. Whether the I.R.S. asserted control over the funds through the mechanism of set-off or through a collection process, the result is the same.

## B. SECTION 542 GOVERNING TURN-OVER OF PROPERTY TO THE ESTATE IS NOT APPLICABLE FOR DETERMINING THE VALIDITY OF A SET-OFF.

■ Section 542(b) of the Bankruptcy Code directs any entity owing a matured debt that is property of the estate to pay that debt to the Trustee, "except to the extent that such debt may be offset under § 553 of this title against a claim against the debtor." Section 542(b). The IRS asserts that § 542(b) permits a creditor with a valid right of set-off to retain exempt property. The Court finds that the IRS's interpretation of § 542(b) is in error. That section applies only to debts which are *property of the estate*, and directs turnover of such property to the Trustee, except where the debt is the proper subject of a set-off. Section 542(b) does not, however, determine the validity of a set-off. *In re Laues*, 90 B.R. at 162. Rather, § 542(b)'s exception pertaining to set-offs only comes into play where the entity involved has a valid and proper right of set-off. *In re Laues*, 90 B.R. at 162.

In this case, the IRS simply does not have a valid right of set-off. Debtor has properly exempted his tax refund; consequently, the refund is no longer property of the estate. *Id.* Rather, it is property belonging to Debtor. *Id.* Therefore, § 542(b) does not apply. *Id.*

Instead, § 542(a) is controlling. That subsection requires an entity holding property which the debtor may exempt to turnover such property to the Trustee. The Trustee in this case has not pursued the IRS's failure to turnover Debtors' exempt 1996 Federal tax refund; thus, Debtor has properly requested the Court to order turnover the exempted property. Section 522(g) and (h).

## C. SECTION 522(c) PROTECTS EXEMPT PROPERTY FROM SET-OFF BOTH DURING AND AFTER THE BANKRUPTCY.

Both parties have become side-tracked in their respective briefs, making rather extensive arguments under § 524(a)(2). That section is neither relevant to the facts of this case, nor to legal issue at hand. Section 524(a)(2) provides that a discharge in bankruptcy operates as an injunction against any further efforts to "collect, recover or offset" against the debtor a debt that has been discharged in bankruptcy. Thus, that section precludes collection efforts that are commenced or continued after a discharge has been entered. The reasoning behind this rule is that after a debt is discharged, it is extinguished thus ceasing to further exist. *In re Dezarn,* 96 B.R. 93 (Bankr.E.D.Ky. 1988).

The IRS argues that because it exercised its set-off rights *prior to* the entry of discharge, the set-off extinguished Debtor's debt owed to the IRS for tax year 1991. Thus, the IRS argues, Debtor did not owe a debt to the IRS at the time of discharge, and therefore that debt was not discharged. The IRS asserts this argument in support of its position that the set-off it attempted was appropriate.

The Court has reviewed § 524(a)(2) and finds that it is not relevant to this case. That section addresses set-offs attempted *af-*

*ter* discharge. That did not occur in this case.

Instead, § 522(c) is controlling. Section 522(c) states exempt property shall not be liable either *during* or *after* the bankruptcy for a debtor's prepetition debts, including dischargeable tax debts of the nature involved in this case. Debtor properly exempted his 1996 tax refund; therefore, because the 1991 tax debt for which the IRS intercepted Debtor's exempt tax refund was a dischargeable debt, set-off was impermissible under § 522(c).

### CONCLUSION

For the above stated reasons, this Court finds that there are no material facts in dispute and the Debtor, Maurice Alexander, is entitled to judgment as a matter of law. Accordingly, the Motion of the Debtor for Summary Judgment shall by separate Order be sustained, and the Motion of the IRS for Summary Judgment overruled.