**In re Maurice ALEXANDER.**

**Commissioner, Internal Revenue Service, Appellant,**

v.

**Maurice Alexander, Appellee.**

**Civ.A. No. 3:98CV–350–A.
Bankruptcy No. 97–31085(2)7.
Adversary No. 97–3126.**

United States District Court,
W.D. Kentucky,
Louisville Division.

Sept. 20, 1999.

---

Andrea Fried Neichter, AUSA, United States Attorney's Office, Louisville, KY, Stuart M. Fischbein, U.S. Department of Justice, Washington, DC, for Internal Revenue Service, On Behalf of Commissioner, appellant.

Anne Marie Regan, Louisville, KY, for Maurice Len Alexander, appellee.

## MEMORANDUM OPINION

ALLEN, Senior District Judge.

This appeal from the United States Bankruptcy Court's decision in an adversary proceeding presents an issue of the extent to which an income tax refund may be set off against a prior year's unpaid tax liability where the Internal Revenue Service ("IRS") has not filed a prepetition lien.

Mr. Alexander, the debtor, filed his 1996 income tax return on February 25, 1997, reflecting that he was due a refund of overpayment. A little over a week thereafter, on March 5, Mr. Alexander filed his Chapter 7 petition, claiming therein an exemption for part of the anticipated refund. On March 31, 1997, the IRS notified Mr. Alexander that it was applying the refund to his unpaid 1991 liability. It was undisputed that the 1991 liability would be dischargeable. Mr. Alexander filed an adversary proceeding to avoid the setoff.

Mr. Alexander received his discharge in bankruptcy (including his 1991 tax liability) on August 8, 1997. In the adversary proceeding, the United States Bankruptcy Court held that Section 522(c) must be given precedence. As Section 522(c) states that exempt property shall not be liable for a debtor's prepetition debts, set off was impermissible.

The IRS argues that the Bankruptcy Court erred in failing to apply 11 U.S.C. § 553, which, subject to certain exceptions, preserves the right of a creditor "to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case . . . against a claim of such creditor against the debtor that arose before the commencement of the case." Mr. Alexander, on the other hand, argues that the Bankruptcy Court ruling was correct, because the priority of exemptions must take precedence over the Code's tolerance for setoff authorized by non-bankruptcy law.

We have carefully examined Judge Roberts' opinion, and we believe it would be an exercise in futility to attempt to construct a more thorough analysis, cogent argument, or proper conclusion. For the reasons set forth in Judge Roberts' opinion, the undersigned agrees that the only way to give meaning and application to all sections of the Bankruptcy Code and their

legislative history is to prohibit the setoff attempted by the IRS in this case.