UNITED STATES of America,
Appellant,

v.

Constance LUONGO, Appellee.

Constance Luongo, Plaintiff,

v.

Internal Revenue Service, Defendant.

No. 4:99–CV–1033–E.

United States District Court,
N.D. Texas,
Fort Worth Division.

April 3, 2000.

Andrew Lee Sobotka, Attorney at Law, U.S. Dept. of Justice, Tax Division, Dallas, TX, for appellant.

John P. Davis, Attorney at Law, Davis Law Firm, Hurst, TX, for appellee.

## *ORDER*

MAHON, District Judge.

This is an appeal from an Order of the United States Bankruptcy Court for the Northern District of Texas entered November 12, 1999 granting Constance Luongo's ("Luongo") Motion for Summary Judgment. Luongo's summary judgment motion sought an Order requiring the Internal Revenue Service ("IRS") to turn over Luongo's 1997 income tax overpayment which the IRS set off against Luongo's 1993 income tax liability. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a).

## I. *ISSUES ON APPEAL*

Appellant raises the following issues on appeal:

(1) Whether the discharge of the plaintiff's personal liability for 1993 prepetition income taxes prevents the IRS from exercising its right of set off against Plaintiff's 1997 pre-petition income tax overpayment;

(2) Whether the amendment to Plaintiff's list of exempt property to in-

clude the 1997 pre-petition income tax overpayment prevents the IRS from exercising its right to set off the 1997 pre-petition income tax overpayment against Plaintiff's 1993 pre-petition tax liabilities;

(3) Assuming that the Plaintiff's 1997 pre-petition income tax overpayment was exempt property, whether the Bankruptcy Court had jurisdiction to hear Plaintiff's request for turnover of exempt property;

(4) Assuming that the Plaintiff's 1997 pre-petition income tax overpayment was exempt property, whether the Bankruptcy Court should have abstained from hearing the Plaintiff's request for turnover of property; and

(5) Assuming that the Plaintiff's 1997 pre-petition income tax overpayment was not exempt property, whether the Plaintiff had standing to bring an action for turnover of property belonging to the estate.

## II. *STANDARDS OF REVIEW*

 Adversary proceeding actions for turn over of property of a bankruptcy estate are core proceedings pursuant to 28 U.S.C. § 157(B)(2)(E). When reviewing a Bankruptcy Court's decision in a core proceeding, the District Court functions as an appellate court and applies the standards of review generally applied by federal appellate courts. *Matter of Webb*, 954 F.2d 1102, 1103–1104 (5th Cir.1992). Moreover, it is well-settled that factual findings of the Bankruptcy Court are reviewed under the "clearly erroneous" standards, whereas issues of law are reviewed *de novo. Matter of Monnig's Dept. Stores*, 929 F.2d 197 (5th Cir.1991). On questions of law, the district court is to independently examine the law and draw its own conclusions after applying the law to the facts. *See In re Jones*, 230 B.R. 875, 877 (M.D.Ala.1999).

## III. *PROCEDURAL BACKGROUND* [1]

On May 19, 1998, Luongo filed for relief under Chapter 7 of the Bankruptcy Code. On January 20, 1999, Luongo filed this adversary proceeding for turn over of her 1997 income tax overpayment. The United States filed an answer on behalf of the IRS. Subsequently, the parties to the adversary proceeding filed a joint stipulation of facts and cross-motions for summary judgment.

By letter ruling dated September 29, 1999, the Bankruptcy Court ruled in favor of Luongo citing and adopting *In re Alexander*, 225 B.R. 145 (Bankr.W.D.Ky.1998). A Final Judgment was entered on November 12, 1999, along with Proposed Findings of Fact and Conclusions of Law reflecting the above facts and the Bankruptcy Court's reliance on *Alexander, supra.*

## IV. *STIPULATED FACTS AND ISSUES*

This case was tried to the Bankruptcy Court on the following stipulated facts and on cross-motions for summary judgment submitted by the parties:

1. On May 19, 1998, the Plaintiff, Constance Luongo, filed for relief under Chapter 7 of the Bankruptcy Code.

2. At the time the Plaintiff filed for bankruptcy, Plaintiff owed the IRS unpaid income taxes arising out of her 1993 tax year. These tax debts were pre-petition tax debts.

3. The case was classified as a no asset case, and no proof of claim was filed by the IRS.

4. On August 15, 1998, the Plaintiff filed her 1997 individual income tax return with the IRS showing an overpayment of $1,395.94 (the "1997 income tax overpayment"). This 1997 income tax overpayment arose pre-petition because the Debtor's 1997 income tax year ended on De-

---

1. The procedural background portion of this Order is taken from the parties' submissions which are identical regarding the procedural history of this case.

cember 31, 1997, before the petition was filed.

5. On September 10, 1998, the Court entered an order discharging Plaintiff of all debts not excepted from the discharge under 11 U.S.C. § 523, and Plaintiff's personal liability for 1993 income taxes was discharged.

6. During the first week of November 1998, the IRS applied all of the Plaintiff's 1997 income tax overpayment to her unpaid 1993 income tax liabilities.

7. On December 7, 1998, the Plaintiff moved to reopen the Chapter 7 case, filed amended schedules B and C, and gave notice of amended schedules B and C. In doing so, the Plaintiff listed, for the first time, her 1997 income tax overpayment as an exempt asset.

8. The IRS did not file any objection to the reopening of the Plaintiff's case or to her amended schedule of exempt assets.

9. On January 20, 1999, Plaintiff filed the underlying adversary proceeding for turnover of her 1997 income tax overpayment. The Chapter 7 Trustee has not filed any action against the IRS under Section 542 of the Bankruptcy Code.

The specific issues presented to the Bankruptcy Court at the hearing were as follows:

(a) If the Debtor's 1997 income tax overpayment is exempt property, then:

(i) Whether the Court has jurisdiction to hear this matter for turnover of exempt property?

(ii) Whether the Court should abstain from hearing this matter because it will be of no benefit to the estate?

(b) If the Debtor's 1997 income tax overpayment is not exempt property, then whether the Debtor has standing to bring an action for turnover of property belonging to the estate?

(c) Whether the discharge of the Debtor's personal liability for 1993 income taxes prevents the IRS from exercising a right of set off against Debtor's 1997 income tax overpayment?

(d) Whether the amendment to Debtor's list of exempt property to include the 1997 income tax overpayment prevents the IRS from exercising its right to set off that 1997 income tax overpayment against the Debtor's 1993 tax liabilities?

The parties agreed that the foregoing stipulations could be incorporated into the record of these proceedings and relied upon for the determination of the issues set forth above. The parties further stipulated that neither party intended to present any other evidence at the trial of this matter, but both reserved the right to seek a postponement of the hearing prior to the close of their respective cases, should the need for additional evidence which was previously unforeseen become necessary.

## V. *DISCUSSION*

■ In the present case, the applicable code sections are found in the Bankruptcy Code, 11 U.S.C. §§ 522 and 553, and the Internal Revenue Code, 26 U.S.C. § 6402(a). Section 522(c) of the Bankruptcy Code provides in relevant part that property exempted from the bankruptcy estate shall not be liable for any debts arising before the bankruptcy was filed, unless such debt falls into one of the exceptions specified in § 522(c)(1) through (3).[2] Section 553 reads as follows:

Except as otherwise provided by this section and in section 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt

---

2. In the present case, none of the exceptions specified in § 522(c)(1) through (3) apply and neither party has attempted to argue such exceptions.

owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case.

11 U.S.C. § 553(a). Finally, 26 U.S.C. § 6402(a) of the Internal Revenue Code permits the IRS to set-off any existing tax deficiencies against any tax refunds due to the taxpayer. It is the interplay of these code provisions which form the basis of the present appeal.

In the letter ruling dated September 29, 1999, the Bankruptcy Court stated as follows:

> The Court finds and concludes that no genuine issue of material fact exist pursuant to the applicable case law and that judgment in favor of the Plaintiff is proper under Federal Rule of Civil Procedure 56. The Court adopts the well-reasoned opinion in *Alexander v. Internal Revenue Service*, 225 B.R. 145 (Bankr.W.D.Ky.1998), with regard to exempted refunds and set off.

Bankruptcy Court's September 29, 1999 Letter Ruling at 1. Further, the Final Judgment and the Proposed Findings of Fact and Conclusions of Law, submitted by Luongo and accepted by the Bankruptcy Court, reflect the Bankruptcy Court's reliance upon *Alexander.*

This Court has reviewed *Alexander* and cases which follow its reasoning and analysis in finding that the IRS is not entitled to exercise its right of setoff against a debtor's tax refund which is exempted in the bankruptcy proceeding in order to reduce a prepetition tax debt not secured by a lien. However, the Court has also reviewed the line of cases typically represented by the opinion in *In re Runnels v.*

*Internal Revenue Service,* 134 B.R. 562 (Bankr.E.D.Tex.1991) which arrive at the opposite conclusion.

The *Runnels* Court, after finding that the IRS had a valid right of setoff pursuant to 26 U.S.C. § 6402(a), found that the IRS, further found such right to setoff unaffected by the debtor's bankruptcy petition and subsequent discharge of such debt. With all due respect to the Bankruptcy Court below and the opinion of the *Alexander* Court, which of course is not binding authority in this circuit, district, or division,[3] this Court finds the *Runnels* line of authority more persuasive and supported under the law.

As set forth previously herein, section 553(a) of the Bankruptcy Code provides that:

> Except as otherwise provided in this section or in sections 362 and 363 of this title, *this title does not affect* any right of a creditor to offset a mutual debt ...

11 U.S.C. § 553(a) (emphasis added). Therefore, unless §§ 362, 363, or some provision of § 553 should apply and provide otherwise,[4] the IRS retains its non-bankruptcy statutory right to setoff Luongo's prepetition tax refund against her prepetition tax debt.

In light of the clear and unambiguous language of § 553(a), the Court disagrees with the *Alexander* Court that there is a statutory conflict between § 553(a) and § 522(c) within the Bankruptcy Code. As stated previously herein, § 522(c) provides in relevant part that property exempted from the bankruptcy estate shall not be liable for any debts arising before the bankruptcy was filed with certain limited exceptions.[5] This Court simply disagrees with the *Alexander* Court's conclusion that a creditor's right of setoff under § 553

---

3. The parties agree that the Fifth Circuit has not directly addressed this issue and that there is a substantial split in authority regarding the propriety of an IRS setoff under substantially similar circumstances as the present case.

4. The parties do not assert that any exception in §§ 362, 363, or 553 apply to limit the creditor offset right in § 553(a).

5. Again, the exceptions specified in § 522(c)(1) through (3) are inapplicable in the present case.

must yield to the debtor's right to exempt and protect assets under § 522. Instead, the Court finds that the IRS's right of setoff is unaffected by Luongo's claims that (1) the tax refund is exempt property and (2) that the tax liability was discharged in the bankruptcy proceeding. *See In re Eggemeyer v. Internal Revenue Service,* 75 B.R. 20 (Bankr.S.D.Ill.1987); *see also In re Sarkis,* 17 B.R. 174 (Bankr. D.S.D.1982); *In re Handy,* 41 B.R. 172 (Bankr.E.D.Va.1984).

In sum, the Court finds for Appellant, the IRS, on its first two issues presented on appeal.[6] In this way, the Court finds that the Bankruptcy Court erred, as a matter of law, in holding that the IRS lost its right of setoff of Luongo's 1997 tax overpayment against her 1993 tax liability. The Bankruptcy Court's Final Judgment is reversed in this regard and judgment in favor of the IRS shall be entered upon its Cross–Motion for Summary Judgment. Accordingly, Luongo's Motion for Summary Judgment should be, and hereby is, DENIED, and the IRS's Cross–Motion for Summary Judgment should be, and hereby is, GRANTED.

### CONCLUSION

After considering the issues raised on appeal in the present case, the Court determines that the September 29, 1999 letter ruling by the Bankruptcy Court should be, and hereby is, REVERSED. Further, the Court determines, after *de novo* review of the law in this matter, that Luongo's Motion for Summary Judgment should be, and hereby is, DENIED, and the IRS's Cross–Motion for Summary Judgment should be, and hereby is, GRANTED.

It is therefore ORDERED that the September 29, 1999 letter ruling and the Final Judgment entered on November 12, 1999, along with Proposed Findings of Fact and

Conclusions of Law entered by the Bankruptcy Court against Appellant herein is hereby REVERSED.

It is further ORDERED that Luongo's Motion for Summary Judgment should be, and hereby is, DENIED, and the IRS's Cross–Motion for Summary Judgment should be, and hereby is, GRANTED.

---

**6.** The Court does not find any merit in the remaining issues presented by the IRS with regard to jurisdiction, abstention and Plaintiff's standing in the bankruptcy court. Accordingly, the Court affirms the Bankruptcy Court's jurisdiction in this matter, affirms the Bankruptcy Court not abstaining in this case, and affirms that Plaintiff maintained standing to bring the present action to recover the offset tax refund.