**In re Paula SHARP, Debtor.**

No. 02–50796.

United States Bankruptcy Court,
E.D. Kentucky,
Lexington Division.

Aug. 9, 2002.

Ronald E. Butler, Lexington, KY, for Debtor.

James D. Lyon, Lexington, KY, trustee.

### *MEMORANDUM OPINION AND ORDER*

WILLIAM S. HOWARD, Bankruptcy Judge.

This matter is before the court on the motion by creditor Internal Revenue Service ("IRS"), for relief from the automatic stay filed herein on April 29, 2002. The debtor filed an objection in response on May 7, 2002, and the matter was heard on June 20, 2002. The parties were given ten days to supplement their briefs, and the matter was to be taken under consideration for decision. No supplemental briefs have been filed and the matter is ripe for decision.

The IRS filed its motion seeking relief from the stay in order to exercise setoff rights against a refund owing to the debtor for the 2001 tax year in the amount of $4,715.00. The debtor owes an income tax liability to the IRS for 1992 tax year in the amount of $3,115.93. On June 3, 2002, the debtor and the IRS entered into an Agreed Order in *Paula Sharp v. Internal Revenue Service*, Adversary Case No. 02–5029, that the same 1992 tax debt is dischargeable.

The debtor filed another adversary proceeding against the IRS on May 7, 2002, Adversary Case No. 02–5045, seeking surrender of the 2001 tax refund, based on her qualification for an earned income credit ("EIC") in the amount of $2,705.00 and her expectation of a refund in the amount of $2,010.00. The debtor stated in her complaint that she had claimed the EIC pursuant to K.R.S. 205.220, and the refund pursuant to K.R.S. 427.160, as exempt. The parties had informed the court that this proceeding was settled, but that settlement is apparently awaiting the resolution of the dispute herein concerning the IRS's setoff.

The IRS contends that it has the right to setoff a taxpayer's overpayment of tax against a tax liability for prior years. *See Alexander v. I.R.S.*, 225 B.R. 145, 147–48 (Bankr.W.D.Ky.1998), *aff'd* 245 B.R. 280 (W.D.Ky.1999). The IRS further contends that although the 1992 tax debt is dischargeable, it is entitled to setoff any prepetition income tax overpayment against the debtor's debt for 1992 pursuant to 11 U.S.C. § 553. Section 553 preserves a right of setoff established by non-bankruptcy law. The I.R.S. cites *In re Luongo*, 259 F.3d 323, 334 (5th Cir.2001) in support of this proposition. The court there set out the requirements for proving a valid right to setoff under § 553: "(1) a debt owed by the creditor to the debtor which arose prior to the commencement of the bankruptcy case; (2) a claim of the creditor against the debtor which arose prior to the bankruptcy case; and (3) the debt and claim must be mutual obligations." There is no dispute that these requirements have been met here.

In *Alexander, supra*, the court acknowledged that the IRS may setoff tax deficiencies against refunds owed when the above-stated requirements have been met. It went on, however, to distinguish the situation in which the debtor claims an exemption in these funds:

> Debtor claimed his 1996 Earned Income Credit as exempt under K.R.S. 205.220(3). That provision exempts all public assistance benefits from levy or execution. Federal Earned Income Credit benefits have been determined to be public assistance benefits within the meaning of K.R.S. 205.220(3), and therefore, are exempt from all claims of creditors in bankruptcy. (Cite omitted).

> With regard to Debtor's 1996 tax refund based on an overpayment of withheld taxes, Debtor claimed $708.31 of that refund as exempt under K.R.S. 427.160. That Statute provides a $1,000.00 general exemption that can be applied by a debtor in bankruptcy to property of any nature.

> As no objections were filed to Debtor's claimed exemptions, his 1996 federal tax refund became exempt under § 522(a). (Cites omitted). As a result, § 522(c) comes into play.

> Section 522(c) provides in relevant part that property exempted from the bankruptcy estate shall not be liable for any debts arising before the bankruptcy was filed, unless such debt falls into one of the exceptions specified in § 522(c)(1) through (3).

The court went on to note that the exceptions contained in § 522(c)(1) through (3)

regarding nondischargeable debts and debts secured by liens did not apply. (Paragraph (4) dealing with fraud in obtaining various forms of financial assistance for education was added in 2000. It is inapplicable herein as well.) *In re Alexander*, 225 B.R. at 148. This court has also held in *In re Goldsberry*, 142 B.R. 158, 159 (Bankr.E.D.Ky.1992), that the EIC is exempt pursuant to K.R.S. 205.220(3).

This court therefore concludes that the debtor may claim an exemption as to her EIC in the amount of $2,705.00 and as to her 2001 refund in the amount of $1,000.00, for a total of $3,705.00 which the I.R.S. may not offset against her 1992 tax liability. The I.R.S. is granted relief from the automatic stay to offset the remaining $1,010.00 against the 1992 tax liability.