Patti–Ann **BEAUCAGE**

v.

**UNITED STATES INTERNAL REVENUE SERVICE.**

No. 05–CV–12560–RGS.

United States District Court, D. Massachusetts.

June 2, 2006.

Peter Sklarew, Stephen J. Turanchik, Department of Justice, Tax Division, Washington, DC, for United States.

Deborah G. Roher, Fall River, MA, for appellant.

*MEMORANDUM AND ORDER ON AN APPEAL FROM THE BANKRUPTCY COURT*

STEARNS, District Judge.

*BACKGROUND*

On December 16, 2005, Patti–Ann Beaucage brought this appeal of a decision of

the Bankruptcy Court (Hillman, J.), approving the Internal Revenue Service's (IRS) set-off of a refund of her 2004 taxes against an accrued pre-petition tax liability.[1] The facts are not in dispute. On January 7, 2005, Beaucage filed a Chapter 7 bankruptcy petition. She listed the IRS as a creditor holding unsecured nonpriority claims for the tax years 1998, 1999, and 2000, totaling $5,452.77.[2] After initiating the bankruptcy proceeding, Beaucage filed her 2004 tax return claiming an "overpayment" of $1,497.[3] Pursuant to 11 U.S.C. § 522(b), Beaucage listed the overpayment in her bankruptcy filings as an exempt asset. The IRS did not interpose a timely objection and Beaucage made a demand on the IRS for payment. The IRS denied the request, and applied the overpayment to Beaucage's accrued tax liability. This adversary proceeding followed.

■ On October 25, 2005, Judge Hillman ruled that the set-off was authorized by 26 U.S.C. § 6402(a) of the Internal Revenue Code. Judge Hillman further ruled that the set-off had extinguished any right Beaucage had to a refund,[4] and therefore, there was no asset for her to claim under the exemption provisions of the bankruptcy law. *See In re Beaucage,* 334 B.R. 353, 359 (Bankr.Mass.2005). Rulings of law by the Bankruptcy Court are reviewed *de novo. Garita Hotel Ltd. Partnership v. Ponce Federal Bank,* 958 F.2d 15, 17 (1st Cir.1992).

## DISCUSSION

The issue on appeal is straightforward. Did the IRS's decision to off-set Beaucage's 2004 tax overpayment against her accumulated tax liability violate § 522(b) of the Bankruptcy Code? The Bankruptcy Code and the Internal Revenue Code, insofar as the facts of this case are concerned, seem to be in conflict. Under § 6402(a) of the Tax Code

> [i]n the case of any [tax] overpayment, the Secretary [of the Treasury], ... may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall ... refund any balance to such person.

1. In the Bankruptcy Court, Beaucage additionally argued that the IRS should be held in contempt for initiating the set-off without first seeking relief from the automatic stay granted by 11 U.S.C. § 362(a). This issue has been waived on appeal.

2. Under § 522(c) of the Bankruptcy Code, tax debts older than three years that are not subject to a tax lien are considered nonpriority, dischargeable debts. 11 U.S.C. § 522(c)(2)(B); *see also* 11 U.S.C. § 507(a)(8); *Mueller v. Commissioner,* 496 F.2d 899, 903 (5th Cir.1974). Because the IRS had failed to place liens on any of Beaucage's tax debts, the most recent of which had accrued more than three years prior to the filing of the bankruptcy petition, the entire tax debt is properly classified as nonpriority and dischargeable.

3. According to counsel at oral argument, the overpayment was attributable to Beaucage's eligibility for an Earned Income Credit (EIC). The EIC is intended as a wage subsidy for low income earners. Any portion of the credit that exceeds actual tax liability is refunded to the eligible taxpayer.

4. The parties variously describe the disputed $1,497 as a "refund" or as an "overpayment of taxes." While "refund" might seem the intuitively correct term, "overpayment of tax" is for present purposes the more apt description. When a taxpayer calculates his or her tax liability, it results in either an underpayment or overpayment of taxes. If there is an overpayment, the taxpayer can apply the overage to previous or future tax liability or demand a refund. The distinction is small, but in the context of this case, lies at the heart of the dispute.

■ Section 6402(a) would seem dispositive, but for the interplay between the tax code and bankruptcy law. The filing of a bankruptcy petition creates an estate in which all of the debtor's assets are pooled for the benefit of her creditors. The debtor is, however, permitted by § 522 of the Bankruptcy Code to put certain of her assets out of the reach of creditors. In claiming exemptions, a debtor can choose between the exemptions authorized by federal or state law.

Because Beaucage is a renter rather than a homeowner, she was ineligible to claim a Massachusetts homestead allowance. She did, however, qualify for the federal "wild card" exemption, which permits a debtor in bankruptcy to exempt an asset of a value of up to $ 975 plus half of the value of the federal homestead exemption. Beaucage designated the tax refund as her "wild card." Beaucage argues that the "wild card" exemption of the Bankruptcy Code trumps the set-off provisions of the Internal Revenue Code as evidenced by the fact that Congress divided income tax debts into both nonpriority dischargeable debts and priority non-dischargeable debts.

Judge Hillman held that § 522 of the Bankruptcy Code permits a debtor to claim an asset as exempt only if the asset is the property of the debtor. According to Judge Hillman, because Beaucage never "owned" the tax refund at issue, she had no right to claim it as exempt.

All of the arguments of the parties which remain undiscussed are based upon the premise that there is a fund which must be dealt with in this decision. The application of the principle just announced to the facts of this case demonstrates that there is in fact no such fund; Plaintiff is indebted to IRS for an amount in excess of the claimed refund.... There is no refund to be paid over and hence IRS is not in contempt.

*In re Beaucage,* 334 B.R. at 359.

Beaucage argues that Judge Hillman failed to take account of the automatic stay, which froze all of her outstanding liabilities when the bankruptcy petition was filed, including her accrued nonpriority debt to the IRS, and that the decision effectively gave the IRS the unfettered discretion to override the debtor protection provisions of the Bankruptcy Code.

■ Beaucage's argument depends on the premise that a tax refund was due and owing to her when she listed the overage as an exempt asset. The premise, however, is flawed. When Beaucage filed her 2004 tax return, she had no vested right to a refund. Any such right was contingent on the decision of the Secretary with respect to the exercise of the set-off option of § 6402(a) of the Tax Code. When in Beaucage's case, the Secretary exercised the option, the contingent right to a refund was extinguished.

■ The Bankruptcy Code recognizes a creditor's right to offset a mutual debt. Section 553(a) of the Bankruptcy Code provides that

[e]xcept as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case....

Courts are, however, divided on whether this acknowledgment subordinates the exemption provisions of the bankruptcy law to the set-off provisions of the Tax Code. In *In re Luongo,* 259 F.3d 323, 335 (5th

Cir.2001), the Court applied reasoning similar to that of Judge Hillman's.

Section 6402(a) grants the IRS discretion whether to offset against a debtor's unpaid tax liability or to refund the overpayment to the taxpayer. The IRS elected to exercise that discretion to apply the overpayment to Appellant's past liability. Because the prior unpaid tax liability exceeded the amount of the overpayment, the debtor was not entitled to a refund and the tax refund did not become property of the estate. Absent an interest in the estate to the refund, it could not properly be exempted by the debtor under § 522.

On the other hand, the court in *In re Alexander,* 225 B.R. 145, 148 (Bankr. W.D.Ky.1998), *aff'd* 245 B.R. 280 (W.D.Ky. 1999), the court held that

[a] creditor's right to set-off under § 553 must yield to the Debtor's right to exempt and protect assets under § 522.... If the rule were otherwise, § 522(c) would simply have no meaning. [citations omitted.] A debtor would completely lose the ability to exempt property from the reach of creditors possessing a right of offset under § 553.... It is a basic tenet of statutory construction that "when two provisions of a statute are in conflict they should be interpreted in such a fashion as to give meaning to the whole." ... In this case, if § 553 and § 522 are construed so as to allow the IRS to exercise its right of set-off against the Debtor's exempt property, § 522(c) will be rendered without effect or meaning. On the other hand, construing the provisions to mean that a right to set-off under § 553 is limited to property not claimed exempt under § 522, gives effect to both provisions.

*Luongo* is the more persuasive of the opinions. In *Alexander,* the court made

the same error as does Beaucage by presupposing that a tax overpayment is an asset of the debtor's estate rather than a property right contingent on the Secretary's exercise of discretion. As the *Luongo* court (and Judge Hillman) correctly realized, without an asset, there can be no valid exemption. *See Owen v. Owen,* 500 U.S. 305, 308, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991).

### ORDER

For the foregoing reasons, the ruling of the Bankruptcy Court is *AFFIRMED.*

SO ORDERED.