**In re Jama HOUCHENS, Debtors.**

**Jama Houchens, Plaintiff,**

**v.**

**United States Department of Agriculture Rural Development, Defendant.**

**Bankruptcy No. 07–10489.**
**Adversary No. 07–1025.**

United States Bankruptcy Court, W.D. Kentucky.

Feb. 5, 2008.

John C. Rogers, Glasgow, KY, for Plaintiff.

Michael F. Spalding, Louisville, KY, for Defendant.

### MEMORANDUM–OPINION

JOAN A. LLOYD, Bankruptcy Judge.

This matter is before the Court on the Motion for Summary Judgment of Defendant United States Department of Agriculture, Rural Development ("RD") and the Cross–Motion for Summary Judgment of Plaintiff/Debtor Jama Houchens ("Debtor"). The Court reviewed the written submissions of the parties in support and in opposition to each Motion for Summary Judgment, the arguments of counsel, and its own research. For the following reasons, the Court will **GRANT** the RD's Motion for Summary Judgment and

474

**DENY** the Debtor's Motion for Summary Judgment.

### UNDISPUTED FACTS

The parties stipulated to the following facts:

1. Jama Houchens is a calendar year taxpayer. Her tax year ends on December 31.

2. On September 13, 2004, Jama and Kelly Houchens executed a Note to RD in the face amount of $81,096.47, with interest at 5.875% per annum. A Note was executed July 16, 2004, and revised and re-executed on September 13, 2004. *See,* Docket No. 1, Exhibit A, *United States v. Houchens,* Federal District Court, Western District of Kentucky, 1:06–CV–129–M.

3. A Mortgage was executed by Jama and Kelly Houchens to RD which was recorded on July 19, 2004, in Barren County, Kentucky, Mortgage Book 296, Page 618. On October 4, 2004, the Mortgage was revised and re-recorded in Mortgage Book 302, Page 116. *See,* Exhibit B, *Id.*

4. A Subsidy Repayment Agreement was executed by both of the Houchens on July 16, 2004. *See,* Exhibit C, *Id.*

5. Jama Houchens and Kelly Houchens divorced on October 31, 2005. There was no change in record or title ownership of the real estate pursuant to the divorce.

6. Under 31 U.S.C. § 3720A, the United States Department of Agriculture Rural Housing Service ("USDA RHS") sent a notice to the Debtor on January 14, 2006, informing the Debtor of its intent to notify the Secretary of Treasury of the past due status of the debt and giving the Debtor 60 days to present evidence that such debt was not past due or not legally enforceable. Debtor has not presented any evidence that the debt was not past due or not legally enforceable. *See,* Elkin Affidavit, ¶ 5.

7. On January 19, 2006, a Notice of Acceleration was mailed to each of the Houchens at 380 Bent Creek Drive, Smiths Grove, Kentucky.

8. On April 8, 2006, USDA RHS, for the purpose of setoff against the Debtor of any federal payments due the Debtor, certified to the Secretary of the Treasury that the debt was past due in the amount of $2,673.89. From time to time, USDA RHS has re-certified to the Secretary of the Treasury that this debt was past due for various amounts. *See,* Elkin Affidavit, ¶ 6.

9. Foreclosure was referred by RD to United States Department of Justice. The United States Attorney's Office filed the foreclosure action in Federal District Court, Western District of Kentucky, Action No. 1:06 CV129–M on August 15, 2006.

10. On March 17, 2007, RD certified to the Secretary of the Treasury that the past due payments on the Mortgage loan were $9,648.50. *See,* Elkin Affidavit, ¶ 7.

11. On March 22, 2007, $4,428.00 was credited to the Houchens' account based on an offset from the Treasury. The amount of the offset was $4,445.00. The Treasury withheld a $17.00 fee and forwarded to the Department of Agriculture $4,428.00.

12. On April 24, 2007, Houchens filed her Chapter 7 Bankruptcy Petition in the Western District of Kentucky, Case No. 07–10489.

13. On April 27, 2007, Judgment and Order of Sale was entered, but was later set aside after Debtor filed her Chapter 7 Bankruptcy Petition.

14. On April 28, 2007, the Department of Agriculture withdrew the request for offset due to Debtor's bankruptcy filing.

15. On July 25, 2007, the Judgment of April 27, 2007, was set aside by the Federal District Court due to the Chapter 7 Bankruptcy of the Debtor.

16. Discharge in the Chapter 7 Bankruptcy was entered August 9, 2007.

17. The federal foreclosure was reopened August 21, 2007.

18. A new Judgment and Order of Sale was entered by the Federal District Court on September 11, 2007, in the amount of $88,121.59 as of March 7, 2007 with 13.0481 daily interest from March 7, 2007 to entry of Judgment (September 11, 2007) with 4.27% per annum thereafter and subsidy repayment in the sum of $1,651.32 with no interest. A new Affidavit showing the balance due October 17, 2007, is attached to RD's Motion for Summary Judgment. This later Affidavit reflects the tax refund being credited to the account on March 22, 2007.

19. A sale date of the real property, including a Champion Mobile Home has not been set.

### LEGAL ANALYSIS

Summary judgment is appropriate under Rule 7056 of the Federal Rules of Bankruptcy Procedure when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Bankr.P. 7056; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). There are no disputed facts in this case and under the applicable law, RD is entitled to judgment in its favor as a matter of law.

Approximately one month before Debtor filed her Chapter 7 Petition, the United States Treasury pursuant to 31 U.S.C. § 3720A, setoff the amount of $4,428 from the total debt owed by Debtor on a defaulted Mortgage that Debtor and her ex-husband had with RD. The $4,428 represented Debtor's federal income tax refund less $17.00 kept by the Department of the Treasury as a fee. When Debtor filed her Petition, she claimed an exemption in the tax refund that had previously been offset by the RD. Debtor then instituted this adversary proceeding contending the setoff was a preference and she was entitled to turnover under 11 U.S.C. § 522 and § 547.

■ The Bankruptcy Code under 11 U.S.C. § 553 allows and sanctions the use of setoff where three conditions exist: (1) the creditor holds a claim against the debtor that arose before the commencement of the case; (2) the creditor owes a debt to the debtor that also arose before the commencement of the case; and (3) the claim and debt are mutual. 11 U.S.C. § 553(a); *In re Morristown Lincoln–Mercury, Inc.*, 42 B.R. 413, 415 (Bankr.E.D.Tenn.1984). All of the necessary elements are met in this case, a fact that Debtor does not challenge.

■ It is also clear that RD had a legal right to apply the setoff pursuant to 31 U.S.C. § 3720A and 26 U.S.C. § 6402(d). These statutes authorize setoff of a tax refund by the Treasury against the taxpayer's debt owed to a Federal agency. There is no dispute that the debt was owed and that proper procedures were followed by RD to effect the setoff.

While Debtor asserts that the setoff may be avoided under 11 U.S.C. § 547(b) in her Complaint, this is not the basis of the Debtor's Motion for Summary Judgment or her opposition to the RD's Motion for Summary Judgment. Instead, Debtor argues only that the tax refund was claimed as exempt property on Schedule C to the

Petition and this exemption was not objected to by any party. Debtor contends that exempt property is not subject to setoff.

 Before the Court analyzes the merits of Debtor's exemption argument, the Court must address why the setoff, under the facts of this case, does not constitute a preference under 11 U.S.C. § 547. Under 11 U.S.C. § 553(b), a Trustee may recover the amount of a pre-petition setoff to the extent that the setoff permitted the creditor to recover more than the creditor would have recovered if setoff had occurred at certain benchmark times. The purpose of this section of the statute is to "discourage creditors from taking setoffs against debts owed to insolvent debtors under circumstances where a creditor might be sorely tempted to take a setoff because of an improved setoff opportunity." 5 Lawrence P. King et al., *Collier on Bankruptcy*, ¶ 553.09[2] (15th ed. rev. 2007). Collier's sets forth an explanation of the calculation required by Section 553(b) to determine whether there has been any improvement in the creditor's position. The amount by which the creditor's claim exceeds the amount of the debt is known as the "insufficiency". *Id.* at ¶ 553.09[2][a]. As the RD demonstrated in its Reply Brief, the "insufficiency" on the date of the setoff, March 22, 2007, was greater than the "insufficiency" on January 24, 2007, the 90th day before the Petition was filed.[1] Thus, there is no claim to recover any of the funds setoff as the "insufficiency" on the date of the setoff was greater than the "insufficiency" on the 90th day before the Petition was filed. In other words, there was no improvement in

the creditor's position under § 553(b) as a result of the setoff.

 Debtor bases her entitlement to summary judgment on her claim that the money offset was exempt property under 11 U.S.C. § 522 and not subject to setoff, citing *In re Alexander*, 225 B.R. 145 (Bankr.W.D.Ky.1998), *aff'd.*, 245 B.R. 280 (W.D.Ky.1999). Debtor is correct that 11 U.S.C. § 522(c), provides that exempt property is not liable for any debt of the Debtor that arose before the commencement of the case, except in certain circumstances not present here. Some Courts have held that a creditor's right to setoff under § 553 must yield to a debtor's right to exempt assets under § 522. *In re Monteith*, 23 B.R. 601, 603–4 (Bankr.N.D.Ohio 1982). This was the majority view that Judge Roberts followed in the *Alexander* case. The Court notes, however, that more recent opinions reject this position. *See e.g., In re Bourne*, 262 B.R. 745 (Bankr.E.D.Tenn.2001), cases cited therein and *In re Baucom*, 339 B.R. 504, 507 (Bankr.W.D.Mo.2006).

In any event, the case at bar is distinguishable from *Alexander* in very important aspects which make *Alexander* inapplicable here. In *Alexander*, the debtor had commenced his Chapter 7 case and properly claimed an exemption in his anticipated federal income tax refund. Sometime after the Petition was filed, the debtor received notice from the Internal Revenue Service that it setoff the anticipated refund against a dischargeable tax debt owed from a previous tax year.

In this case, the notice of the default was certified to the Department of the Treasury and the setoff was accomplished prior to the date that Debtor's Petition

---

1. On March 22, 2007, the insufficiency was $5,220.50 [$9,648.50 (the debt owed by Debtor) minus $4,428 (amount of setoff) equals $5,220.50]. On January 24, 2007, the insufficiency was $4,088.10 [$8,516.10 (the debt) minus $4,428 (amount of setoff) equals $4,088.10].

was filed. RD had a valid right to setoff pursuant to 31 U.S.C. § 3720A and 26 U.S.C. § 6402(d). Since the debt exceeded the tax refund, the Debtor was not entitled to a refund and the refund never became property of the estate. Therefore, it could not be classified as exempt property under 11 U.S.C. § 522 and Debtor's claimed exemption on her Petition was of no legal consequence. *See, In re Shortt*, 277 B.R. 683, 692 (Bankr.N.D.Texas 2002).

The RD was authorized to setoff the Debtor's 2006 federal income tax refund pursuant to 11 U.S.C. § 553. The setoff did not constitute a preference, nor were the funds exempt. Accordingly, the RD is entitled to judgment as a matter of law based upon the undisputed stipulated facts. Conversely, Debtor is not entitled to summary judgment as a matter of law and her motion for summary judgment must be denied.

### CONCLUSION

For all of the above reasons, the Motion for Summary Judgment of Defendant United States Department of Agriculture Rural Development, be and hereby is, **GRANTED** and the Motion for Summary Judgment of Plaintiff/Debtor Jama Houchens, be and hereby is, **DENIED**.